United States District Court
District of Massachusetts

C.A. No. 04 CV 10406-MEL

| | |
|---|---|
| Gary Sackrider and Mary Sackrider,<br>Plaintiffs<br><br>v.<br><br>Robert Gore, Robert Ford, Holly Langer,<br>Joseph Hill, J. Steven Merriam, Jr., Ellen<br>Nestervich, and Robert Stevens, as they are<br>the Members of the Boxford Planning Board,<br>Barbara Jessel, Charles Costello, Neil<br>Olansky, Robert Was and Joseph Callahan,<br>as they comprise the Board of Selectmen for<br>the Town of Boxford, Defendants | PLAINTIFFS'<br>MEMORANDUM OF LAW<br>SUPPORTING THEIR<br>MOTION TO REMAND |

Now come the plaintiffs in the above entitled matter and move to have each and every count of the amended complaint remanded to the Massachusetts Land Court forthwith. In support of this motion the plaintiffs assert that none of the counts fall within the original jurisdiction of the federal court and particularly not within "28 U.S.C. §1441", as alleged by the defendants in their Notice of Removal. Even if one or more of the counts were within the court's original jurisdiction, the court should exercise its discretion under 28 U.S.C. §1441(c) to remand all of claims because either state law predominates or novel issues under state law have been raised. In addition, the defendants have failed to fully comply with the procedural requirements of 28 U.S.C. §1446 (a) & (b) by failing to file the "process" papers within 30 days. That noncompliance is fatal.

- 1 -

## FACTUAL AND PROCEDURAL BACKGROUND

The plaintiffs are a husband and wife who own and live on six acres of land in Boxford, Massachusetts. The defendants are the seven members of the Boxford Planning Board and the five Town Selectmen.  All of the defendants live in Boxford, Massachusetts.  On January 29, 2004 the plaintiffs commenced this action in Massachusetts Land Court.  Prior to filing and pursuant to state statute, the plaintiffs, on January 29, 2004, hand delivered a copy of the complaint and Notice of Appeal to the Boxford Town Clerk. All of the defendants, except one, were served by the sheriff on February 2, 2004.  Defendant Holly Langer was served on February 4, 2004.  On February 20, 2004, the plaintiffs served the defendants by mail with an amended complaint, interrogatories to seven defendants, a request for production of documents and a notice of deposition for the planning board administrator.  On March 1, 2004, the defendants removed the case to the Federal District Court citing federal jurisdiction based upon 28 U.S.C. §1441 (which is not a jurisdictional statute). The removal papers did not include the 12 summons (and sheriff returns) served upon the defendants.  On March 4, 2004, the plaintiffs served the defendants with a Motion for Sanctions for wrongful removal.  On March 10, 2004, the plaintiffs filed and served a Motion to Remand with supporting affidavit and brief.

## APPLICABLE LAW

Pursuant to 28 U.S.C. §1441(a), a case may only be removed from state to federal court if the case might have been brought originally in federal court. Because the parties to the present action are not of diverse citizenship, jurisdiction depends solely upon the presence or absence of whether a federal question is

presented on the face of the plaintiffs' complaint. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The question before this court is whether the complaint establishes that federal law creates the plaintiffs' cause of action or that plaintiffs' right to relief is dependent upon a substantial question of federal law. The Holmes Group., Inc. v. Vornado Air Circulation Systems, Inc., (01-408) 535 U.S. 826 (2002) 13 Fed. Appx. 961, vacated and remanded. For the purpose of determining whether the district court has subject matter jurisdiction, we take the well-pleaded allegations in the plaintiffs' complaint as true. Puerto Rico Tel. Co. v. Telecommunications Reg. Bd., 189 F.3d 1, 7 (1st Cir. 1999).

A defect in the removal procedure or a lack of subject matter jurisdiction requires the remand of the action to state court, 28 U.S.C. §1447(c). Furthermore, the removal statutes must be strictly construed, with all doubts resolved in favor of remand. Brewer v. State Farm Mutual Auto Ins. Co., 101 F.Supp. 2d at 739 (S.D. Ind. 2000).

28 U.S.C. §1441(c) gives the court the discretion to remand the state law claims where state law predominates. The fact that §1367(a) authorizes a district court to exercise jurisdiction over state claims "does not mean that jurisdiction must be exercised in all cases" Groce v. Eli Lilly & Co., 193 F.3d 496, 500-1 (7th Cir. 1999). 28 U.S.C. §1376 provides:

> The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --
>> (1) the claim raises a novel or complex issue of State law,
>> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>> (3) the district court has dismissed all claims over which it has original jurisdiction or

(4) in exceptional circumstances, there are other compelling
reasons for declining jurisdiction.

To determine whether state law substantially predominates, we look to the scope of
the issues raised and the comprehensiveness of the remedy sought. <u>United Mine
Workers of America v. Gibbs</u>, 383 U.S. 715, 725 (1966).

The plaintiffs assert that subsection (a)(1) and (2) of §1376 weigh in favor of
remand.

## ARGUMENT

<u>PROCEDURE</u>

28 U.S.C. §1446 regulates removal procedure.  Subsection (a) requires that the
defendants file with the district court "a copy of all process, pleadings, and orders
served upon such defendant or defendants in such action."  Subsection (b) requires
that such filing be accomplished "within thirty days after the receipt by the
defendant, through service or otherwise, of a copy of the initial pleading setting forth
the claim for relief upon which the action or proceeding is based . . . ."

The summons and return of service were hand delivered to the Land Court
one week before the removal (Affidavit ¶ 2).  The copies of the removal papers
served upon the plaintiffs did not include copies of the summons and return of
service (Affidavit ¶ 3).  The plaintiffs therefore conclude that the defendants did not
file the summons and return of service with the federal district court within the 30
day removal period.  Summons are "process" and they reflect the dates of service,
which are important in determining the expiration of the 30 day removal period.
As previously stated, the removal statute is to be strictly construed, with all doubts

- 4 -

resolved in favor of remand. <u>Mills v. Harmon Law Offices, PC</u>, 344 F.3d 42 (2003). In this case, the failure of the defendants to file the 12 summons with the federal court within 30 days of February 4, 2004 means that full compliance with the provisions of §1447(a) & (b) did not occur. This mandates that the case must be remanded.

SUBSTANCE

This amended complaint does speak to mistreatment and abuse of the plaintiffs by the defendant members of the planning board. However, it does not assert specific violations of equal protection of the laws nor does it seek civil rights remedies.[1] It was filed in a court that lacks civil rights jurisdiction. The mere reference to some aspect of federal law in the complaint does not automatically mean that the action is removable. The First Circuit has consistently held that "damages are not available in federal proceedings for excessive state land use regulation" <u>Alton Land Trust v. Town of Alton</u>, 745 F.2d 730, 733 (1st Cir 1984).

This is a case about subdivision of land under state law. State law and issues arising out of state law substantially predominate in the amended complaint. Federal law does not create the plaintiffs' causes of action nor do the plaintiffs' rights to relief depend solely on substantial questions of federal law. As such, the federal court lacks original jurisdiction under 28 U.S.C. §1331. <u>The Holmes Group., Inc. v.</u>

---

[1]  It should be noted that the plaintiffs have not advanced facts in the amended complaint alleging denial of equal protection under the law or discrimination. However, that does not mean that they might not do so in a separate future complaint when such a claim is ripe.

<u>Vornado Air Circulation Systems, Inc.</u>, Id.  Although past violations of due process are alleged in the complaint, no remedy for those past wrong doings is sought.  The remedy sought is to prevent future violations through the process of declaratory judgment.  The future violations are at issue because the Land Court appeal, at some point, will likely be remanded back to the planning board for further action not inconsistent with the court's findings.

Under state law to obtain declaratory judgment, the plaintiffs must show an actual controversy, M.G.L. c. 231A.  The allegations of past due process violations, taken together with a showing that the controversy (subdivision process) will continue, show that such violations are likely to reoccur in the future if a declaratory judgment is not entered.  The past due process violations do not create the plaintiffs' declaratory judgment causes of action nor does the plaintiffs' right to declaratory relief depend upon the plaintiffs' ability to show their due process rights were violated by the defendants in the past.  They simply show there is a controversy.

As for the non-declaratory judgment counts 1, 2, and 3, the determination of whether the plaintiffs' due process rights were violated by the planning board during the hearing process is not even before the court because all such hearings are de novo. M.G.L. c. 41, §81BB.  The standard for review is whether the plaintiffs' subdivision application complies with reasonably adopted local subdivision rules and regulations and with the recommendations of the local board of health.  <u>MP Corporation v. Planning Board of Leominster</u>, 27 Mass. App. Ct. 812 (1989).

A review of each of the counts will show that each of the counts should be remanded to the Land Court.

Count 1 is a statutory appeal brought pursuant to .M.G.L. c. 41, §81BB, of a constructive subdivision approval granted by the Boxford Planning Board defendants under M.G.L. c. 41, §81U. This count requests that the court affirm that the plaintiffs' definitive subdivision plan was approved and that four of the conditions of approval (¶ 17) be declared null and void. Conditions (b), (c) and (d) conflict with the state subdivision control law (M.G.L. c. 41, §81Q). As for condition (a), the requirement for a 20,000 gallon water tank, there is a remote possibility that a federal issue relating to taking private property for a public purpose without compensation will be raised. However, before any federal issue is reached, the matter will likely to be disposed of by a showing that: (1) the regulation is not mandatory on its face and enforcement would be an abuse of discretion under M.G.L. c. 41, §81M and (2) the regulation is not enforceable under M.G.L. c. 41, §81Q, which requires that:

> No rule or regulation shall require and no planning board shall impose, as a condition for the approval of a plan, that any of the land with said subdivision be dedicated to the public use . . . for the use as a public way, . . . or for any other public purpose, without just compensation to the owner thereof.

Based upon rules of construction, those two legal arguments would have to be resolved in favor of the defendants before any federal constitutional claims would be considered. In regard to this count, the only reason to bring in the 5th and 14th amendment allegations (¶ 24 of the complaint) would be if the defendants argue that the taking of private property for a public purpose without compensation referred to in M.G.L. c. 41, §81Q is some how different than the one protected by the 5th and 14th amendments to the United States Constitution. This is a remote possibility.

Based upon the scope of the issues raised and the comprehensiveness of the remedy sought, United Mine Workers of America v. Gibbs, Id. would seem to dictate that state law substantially predominates. All doubts are to be resolved in favor of remand. Brewer v. State Farm Mutual Auto Ins. Co., Id. Therefore, Count 1 should be remanded.

Count 2 is a statutory appeal, also brought pursuant to M.G.L. c. 41, §81BB, of an attempted rescission dated January 21, 2004 of the constructive subdivision approval granted by the Boxford Planning Board defendants. This count requests that the court declare the rescission to be null and void for failure to comply with procedural and substantive requirements of the state subdivision regulations and local planning board rules and regulations. No civil rights remedies are requested. Although federal issues are raised in ¶ 32 (e) & (f) of the complaint, it is not likely that they will ever be reached, as there exists a glaring procedural defect in that the defendant planning board members failed to provide the 14 day prior notice required by M.G.L. c. 41, §81T. This is further acknowledged by the fact that the defendant planning board members did a second attempted revocation on February 11, 2004 where they gave the same reasons for revocation. (See Count Three.)

Federal law does not create the plaintiffs' causes of action nor do the plaintiffs' rights to relief depend solely on substantial questions of federal law. Therefore, this count should be remanded. The Holmes Group., Inc. Id.

Count 3 is similar to Count 2. Again there are no federal issues relative to proof or remedy for this count that are not already provided for by M.G.L. c. 41, §81Q. Count Three seeks to have the court declare null and void the defendants'

February 11, 2004 attempted revocation of the plaintiffs' constructive subdivision approval. The case will likely also be resolved solely on the basis of whether the planning board complied with local regulations and the state subdivision control law when they attempted said revocation. Count 3 does, however, raise a new issue not raised in Count 2 in that Count 3 seeks injunctive relief to restrain the planning board from taking further action under M.G.L. c. 41, §81W without prior approval of the court. This is a novel question of law, because traditionally, based upon the statutory annotations, the §81W powers of the planning board have seemingly been without bounds. Therefore, Count 3 should be remanded pursuant to 28 U.S.C. §1367(c)(1). See Houlton Citizens' Coalition v. Town of Houlton, 175 F.3d 178, 192 (C.A. 1 1999).

Count 4 is an action seeking declaratory judgment brought under M.G.L. c. 231A, §1. It seeks to have the court review the 30 reasons given by the planning board defendants as part of their attempted revocation and declare which, if any, are valid for purposes of revoking or denying a definitive subdivision approval. It also seeks costs and reasonable attorneys fees on the basis that the reasons are given in bad faith. It is certainly arguable that any reason that violates the constitutional protections is a reason that is advanced in bad faith. The need for the declaratory judgment is based upon the historical conduct of the defendants. They have advanced these reasons for subdivision denial on two separate occasions in the past and it is reasonable to conclude that they will continue to do so in the future. Again, the state standard for review is that a planning board must approve a definitive subdivision plan if it complies with the reasonable subdivision rules and regulations

and the recommendations of the Board of Health.  MP Corporation v. Planning Board of Leominster, Id.

25 of the 30 reasons given in Exhibit B to the complaint relate to purely state law issues.  Only reasons 6, 17, 23, 24, and 30 raise issues where a federal right may be involved, as 6, 17, 23 and 24 relate to taking private land for a public purpose without compensation and 30 relates to taking money without due process of law. 30 is actually the central issue of Count 6 and should be addressed there.  Reasons 6, 17, 23 and 24 only become federal issues if the plaintiffs cannot prevail under the protections already afforded them by M.G.L. c. 41, §81M (previously referred to) and the Massachusetts Declaration of Rights Art. 1 & 10. Therefore, it cannot be said that the plaintiffs' cause of action is created by federal law nor do the plaintiffs' rights to relief depend solely on substantial questions of federal law.  This is clearly a count where the state issues out number any potential federal issues.  Therefore, this count should be remanded. The Holmes Group., Inc. Id.

Count 5 is also an action seeking declaratory judgment brought under M.G.L. c. 231A, §1.  It seeks to declare unconstitutional certain planning board rules and regulations adopted under authority of M.G.L. c. 41, sec 81Q.  It also seeks equitable relief from the application of those rules to the plaintiffs.  The plaintiffs allege the rules at issue are arbitrary, unreasonable and do not serve legitimate government purposes both as to how they are written and how they have been applied to the plaintiffs as part of the practices of the Boxford Planning Board.  They further allege that in some cases, the rules are in direct contradiction with the state subdivision control law including the state requirement that no private property shall be taken

for public purpose without compensation to the owner and that such regulations cannot be inconsistent with the purposes of the subdivision control law. M.G.L. c. 41, §81Q. The plaintiffs challenge Boxford Planning Board Regulation §300-11A, §300-11E(2), §300-42, §300-12C(4), §300-15, §300-17A and the requirement that the plaintiffs' subdivision provide for a public road, not a private road.

Much of Count 5 is based upon the fact that some of the Boxford Planning Board Subdivision Regulations, both as to how they are written and how they are applied, are in direct contradiction with the state subdivision control law. §300-11A, §300-11E(2), §300-42, §300-12C(4), §300-17A and the requirement that the plaintiffs' subdivision provide for a public road, not a private road all fall within that category. Since it is state law (M.G.L. c. 41, sec 81Q) that grants authority to the planning board to adopt rules and regulations (which must be consistent with the intent of the subdivision control law), the standard for review will be state law. Only §300-15 (¶ 59 of the amended complaint) differs in part, as that section would deal with the taking of private trees for a public purpose without compensation. However, as previously argued, the provisions of M.G.L. c. 41, sec 81Q concerning takings would first have to be addressed before any federal issue becomes an issue. Even the challenge to the refusal to grant waivers (¶ 57 of the complaint) does not raise an equal protection issue by claiming that others have received waivers. The challenge is that it is a violation of the subdivision control law to adopt a policy of refusing to grant waivers, as alleged by the plaintiffs.

Since state issues predominate and there is only a possibility that a federal right issue will be needed to obtain a remedy, Count 5 should be remanded.

- 11 -

Count 6 is also an action seeking declaratory judgment brought under M.G.L. c. 231A, §1. It seeks to declare unconstitutional Boxford Planning Board Regulation §300-7 which pertains to a requirement that the plaintiffs pay for the costs of outside consultants hired by the town. The plaintiff claims the rule is arbitrary, unreasonable and does not serve a legitimate government purpose, both as to how it is written and how it has been applied to the plaintiffs by the defendants. The thrust of the plaintiffs' complaints is that Regulation §300-7 and 11E fail, both in policy and practice, as applied to the plaintiffs:

(1) to require the consultant be objective, impartial and honest, as opposed to intentionally adversarial,

(2) to provide reasonable accountings in reasonable time periods,

(3) to prohibit the imposition of unreasonable fees such as would be incurred where the town hires two consultants to do the same work, and

(4) to provide for an appeal process where the applicant can protect himself from wasteful spending.

Besides seeking to have Regulation §300-7 and 11E declared unconstitutional, the plaintiffs seek reimbursement of the $5,000 they paid and a declaration that any such consultant owe a duty to the person paying for the services (the applicant) to be fair, reasonable and not deceptive in carrying out their expert functions.

The plaintiffs do contend (¶ 70) these regulations have been used to coerce and intimidate them. However, they have not sought civil rights remedies and did not bring the action in a court which had civil rights jurisdiction. The count seeks to have Regulation §300-7 and 11E declared unconstitutional because they fail to

provide minimum due process protections secured by both the Massachusetts Declaration of Rights, Art 1 and 10 and the 5th and 14th Amendments to the United States Constitution. Additionally, by way of remedy, the plaintiffs have requested the court to declare that such consultants owe a duty to the plaintiffs to be fair, reasonable and not deceptive in carrying out their expert functions. This would be the first step to making them subject to the state consumer protection statute, c. 93A. All of these remedies amount to raising novel issues of law relating to local subdivision regulation adopted pursuant to a state law, c. 44, §53G. Additionally, these issues could well be decided by the provisions of Massachusetts Declaration of Rights, Art 1 and 10 without ever reaching the 5th and 14th Amendment protections. Based on the principles set forth in <u>Houlton Citizens' Coalition v. Town of Houlton</u>, Id., Count 6 should be remanded.

<u>Count 7</u> is an action seeking declaratory judgment brought under M.G.L. c. 240, §14A and c. 231A, §1. It seeks to declare unconstitutional Boxford's irregular lot shape zoning By-Law §196-24K. The thrust of the plaintiffs' claim is (1) that there is no logical connection or reasonable basis to apply the 50% criteria as a valid exercise of the town's police power, (2) 47% compliance (which the plaintiffs have) provides no less of a protection to the health, safety, morality or general welfare of the community than 50% would be, (3) the imposition of this zoning regulation in this instance has no real or substantial relation to the public safety, public health or public welfare, (4) the initial adoption of the 50% number was arbitrary, (5) the zoning by-law is overly broad and arbitrary, and (6) this zoning by-law has not been uniformly applied.

- 13 -

The controlling law for this count is the state zoning enabling act, M.G.L. c. 40A. This is the state law that enables the Town of Boxford to adopt zoning by-laws. However, c. 40A, §1A only premits the adoption of zoning by-laws which are designed to "protect the health, safety and general welfare of their present and future inhabitants". The primary issue for Count 7 is whether the Town of Boxford's adoption of By-Law §196-24K, as applied to the plaintiffs' property, goes beyond the limits allowed by the state zoning enabling act. The initial determination of the validity the local zoning by-law will be made on the basis of a significant quantity of state case law and the facts of the case. Although the protections afforded to the plaintiffs by the Massachusetts Declaration of Rights, Art 1 and 10, and by the 5th and 14th Amendments to the United States Constitutions may become relevant, it is more likely that the zoning matter will be decided on interpretations of c. 40A and the extensive state case law on the subject, such as <u>Barney & Carey Co. v. Milton</u>, 324 Mass. 440 (1949). As such, plaintiffs' right to relief is not necessarily dependent upon a substantial question of federal law. <u>The Holmes Group., Inc.</u> Id. On that basis, Count 7 should be remanded.

<u>Count 8</u> is an action seeking declaratory judgment brought under M.G.L. c. 231A, §1. There are two elements to this count. The first is the power of the planning board under local subdivision regulation §300-2 to require establishment of public trails on private land without compensation to the owners in order to get subdivision approval. The second is that some, if not all, of the members of the planning board have a conflict of interest when it comes to requiring such trails. Count 8 seeks an order from the court directing the defendant planning board

members not to enforce any of the provisions of §300-2 against the plaintiffs.

There should be little doubt that all conflict of interest issues would be determined by state law, as state law (c. 286A) establishes the conflict of interest rules. If §300-2 is being used by the defendant planning board members to take private property for public trails without compensation, then we would be dealing with M.G.L. c. 41, §81Q, Massachusetts Declaration of Rights, Art 1 and 10 and possibly the 5th and 14th Amendments to the United States Constitution to resolve the issue. However, as previously mentioned, these matters could be resolved without ever reaching federal rights. As such, plaintiffs' right to relief is not dependent upon a substantial question of federal law. Count 8 should be remanded.

Count 9 clearly raises no federal issues. It simply seeks to determine whether the plaintiffs have obtained an approval under the Scenic Roads Act (c. 87) as the result of the failure of the planning board defendants to act within a given time frame. Compliance with state law would be determined by state law. Count 9 should be remanded.

<b>CONCLUSION & REQUEST FOR RELIEF</b>

Counts one through three cannot be re-filed due to statutory time limitations, a 20 day appeal period. Any dismissal would be fatal for those 3 counts. 28 U.S.C. §1447(c) provides, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Mills v. Harmon Law Offices, PC, Id. indicates that there is "no discretion to dismiss rather than remand an action." Remanded cases are to be returned to the court from which they came. Maine Assoc. of Independent Neighbors v. Commissioner Maine Dept. of

- 15 -

Human Services, 876 F.2d 1051 (C.A. 1 1989). For all of the reasons previously stated, all of the counts should be remanded back to the Massachusetts Land Court.

Additionally, the plaintiffs served a Motion for Sanctions on the defendants on March 4, 2004 relative to the improper removal. In compliance with F.R.C.P. 11(c)(1), the plaintiffs will not be filing that motion with the court until the 21 day waiting period has lapsed. If this case is still pending in federal district court at that time, the plaintiffs ask that the court act on that motion and this Motion to Remand at the same time.

Respectfully submitted,
PLAINTIFFS,
By their attorney,

Gary S. Sackrider (B.B.O. #437360)
100 Cummings Center
Suite 207P
Beverly, Massachusetts  01915
(978) 745-8850

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served ~~by mail~~ *IN HAND* on the attorney of record for each other party in this action on March _10_, 2004.

Gary S. Sackrider, Esq.

- 16 -