United States District Court
District of Massachusetts

C.A. No. 04 CV 10406 -MEL

Gary Sackrider and Mary Sackrider,         )
Plaintiffs                                 )
                                           )
         v.                                )
                                           )
Robert Gore, Robert Ford, Holly Langer,    )     ATTORNEY'S
Joseph Hill, J. Steven Merriam, Jr., Ellen )     AFFIDAVIT
Nestervich, and Robert Stevens, as they are)
the Members of the Boxford Planning Board, )
Barbara Jessel, Charles Costello, Neil     )
Olansky, Robert Was and Joseph Callahan,   )
as they comprise the Board of Selectmen for)
the Town of Boxford, Defendants            )


Now comes Gary S. Sackrider who hereby deposes and states under oath as follows:

1) I was the attorney for record for the plaintiffs in the Massachusetts Land Court case that is now before this court on removal.

2) On January 29, 2004, I filed this action in Massachusetts Land Court. Prior to filing and pursuant to state statute, on January 29, 2004, I delivered a copy of the complaint and Notice of Appeal to the Boxford Town Clerk. As appears in the sheriff's return of service, all of the defendants, except one, were served by the sheriff on February 2, 2004. Defendant Holly Langer was served on February 4, 2004. On February 20, 2004, I served the defendants by mail with an amended complaint, interrogatories to seven defendants, a request for production of documents and a notice of deposition for the planning board administrator. The

amended complaint and the 12 summons (and sheriff returns) were hand delivered to the Land Court on February 23, 2004.

3) The removal papers served upon me by the defendants did not include the 12 summons (and sheriff returns) served upon the defendants.

4) On March 1, 2004, defendants' attorney Katharine Goree Doyle faxed to me the attached 2 page fax indicating on page one that she would be removing the case to federal court because the "allegations raise federal questions" and on page 2 that she would follow up the removal by making "a Partial Motion to Dismiss the federal allegations in your Amended Complaint for failure to state a claim upon which relief can be granted."

5) On March 4, 2004, I served the defendants with a Motion for Sanctions under Rule 11 for wrongful removal. If the amended complaint failed to state a federal claim, then where was the basis for removal?

Signed under the pains and penalties of perjury this 5th day of March, 2004.

_____
Gary S. Sackrider

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served ~~by mail~~ *IN HAND* on the attorney of record for each other party in this action on March _10_, 2004.

_____
Gary S. Sackrider, Esq.

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN

EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

WILLIAM HEWIG III
JEANNE S. McKNIGHT

# KOPELMAN AND PAIGE, P. C.

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735

PITTSFIELD OFFICE
(413) 443-6100

NORTHAMPTON OFFICE
(413) 585-8632

WORCESTER OFFICE
(508) 752-0203

KATHLEEN M. O'DONNELL
SANDRA M. CHARTON
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GIORGIO
THOMAS W. MCENANEY
KATHARINE GOREE DOYLE
GEORGE X. PUCCI
LAUREN F. GOLDBERG
JASON R. TALERMAN
JEFFREY A. HONIG
MICHELE E. RANDAZZO
GREGG J. CORBO
RICHARD T. HOLLAND
LISA C. ADAMS
ELIZABETH R. CORBO
MARCELINO LA BELLA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
LAURA H. PAWLE
TODD A. FRAMPTON
JACKIE COWIN
SARAH N. TURNER

March 1, 2004

BY FACSIMILE – (978) 352-9111

Gary S. Sackrider, Esq.
100 Cummings Center
Suite 207P
Beverly, MA 01915

Re:   Gary Sackrider, et al. v. Robert Gore, et al.
      (Town of Boxford Planning Board, Board of Selectmen)
      Land Court, Misc. No. 293332

Dear Mr. Sackrider:

     I received your facsimile this morning. Your position that your complaint presents no claims "arising under the laws of the United States" is belied by both the language in the Amended Complaint and your refusal to delete such language. In the Complaint, you make clear allegations in your complaint that the defendants' actions "violate protections afforded to the plaintiffs under the 5th and 14th Amendments to the United States Constitution," (Amended Complaint, ¶24) in addition to numerous references to the actions of the defendants effecting a taking without just compensation and violating constitutional rights (Amended Complaint, ¶54, 59, 60, 65). As such allegations raise federal questions, I will be removing this case to the United States District Court today. If you do not believe the allegations raise a federal claim, your refusal to eliminate them to avoid the removal (which you do not seem to want) does not make sense.

     I am also disappointed by the tone of your letter. I attempted to work cooperatively with you by telephoning you in advance of removal to the U.S. District Court to grant you an opportunity to eliminate language that gives rise to a federal question and instead focus on the state land use issues. Rather than appreciating such a courtesy, you have responded with baseless threats of sanctions. The law is very clear regarding the defendants' ability to remove a case to U.S. District Court when allegations of violations of the U.S. Constitution are made

KOPELMAN AND PAIGE, P.C.

Gary S. Sackrider, Esq.
March 1, 2004
Page 2

within a complaint, and your motion for sanctions would most likely be deemed frivolous by the U.S. District Court and afford me an opportunity to request attorneys' fees for the time spent opposing it. I would suggest you reconsider your position on this issue and the hostile tone of your letter.

You also stated in your facsimile that the removal is a "delay tactic to avoid discovery." Your accusation is actually misplaced, but did bring to my mind Local Rule 26.1(C), which requires that the number of discovery events shall be limited for each side to twenty-five (25) interrogatories. By my count, you have issued fifty-two (52) interrogatories, without even taking into account the numerous subparts in some of the interrogatories. Although I am not encouraged by my last attempt to work cooperatively with you, I will make one more attempt. I intend to file a Partial Motion to Dismiss the federal allegations in your Amended Complaint for failure to state a claim upon which relief may be granted. If the Motion is allowed, the Court will remand the Amended Complaint for lack of subject-matter jurisdiction and Local Rule 26.1(C) will no longer apply. I suggest, to simplify matters, that we agree in writing to stay discovery until the Motion to Dismiss is resolved. Otherwise, I will have to file a Motion for a Protective Order on the grounds that the interrogatories issued violates Local Rule 26.1(C).

I hope we can resolve or narrow these issues in good faith. I look forward to hearing from you.

Very truly yours,

*Katharine Doyle*

Katharine Goree Doyle

KGD/cmt
cc: Board of Selectmen
    Planning Board
214852/BOXF/0057