UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-10406-MEL

GARY SACKRIDER and MARY SACKRIDER,

    Plaintiffs

v.

ROBERT GORE, ROBERT FORD, HOLLY LANGER, JOSEPH HILL, J. STEVEN MERRIAM, JR., ELLEN NESTERVICH, and ROBERT STEVENS, as they are the Members of the Boxford Planning Board, BARBARA JESSEL, CHARLES COSTELLO, NEIL OLANSKY, ROBERT WAS AND JOSEPH CALLAHAN, as they comprise the Board of Selectmen for the Town of Boxford,

    Defendants

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

I.    INTRODUCTION

The plaintiffs seek remand of the above-captioned litigation, asserting that despite references to violations by the defendants of the plaintiffs' Fifth and Fourteenth Amendment rights, they did not intend to assert federal claims in their Amended Complaint. Even so, they admit that they may still pursue said federal claims. Under the Federal Rules, the plaintiffs are the masters of their complaint, Stuborn Ltd. Partnership v. Bernstein, 245 F.Supp.2d 312 (D.Mass. 2003), and may craft their complaint to avoid creating federal jurisdiction. Indeed, in this case they were afforded the opportunity to do so in the form of a Local Rule 7.1 conference. The plaintiffs refused to do so and still insist that they should be allowed to assert allegations of violations of the U.S. Constitution, clearly federal claims, without having the Amended Complaint removed to federal court.

Alternatively, the plaintiffs further claim that state law issues predominate the case and it should be remanded on that basis. The defendants agree that the Amended Complaint fails to state sufficient facts to support the plaintiffs' allegations of violations of the U.S. Constitution and all such allegations against the defendants should be dismissed, after which the case may be remanded to the Massachusetts Land Court for adjudication on the state law claims. The Court may also remand the state law claims to the Land Court for adjudication, maintain jurisdiction over the federal claims and stay them pending resolution of the state law claims in the Land Court.

Finally, the plaintiffs assert that the failure of the defendants to file copies of the summons received from the plaintiffs is a fatal procedural defect warranting remand. The defendants removed this Motion to federal court on March 1, 2004. The summonses were not on file at the Land Court until March 12, 2004 (See Affidavit of Joel B. Bard, Esq. filed herewith). Furthermore, courts have repeatedly found that the failure to file such papers does not constitute a fatal procedural defect warranting remand.

II.     FACTS & PROCEDURAL HISTORY

III.    ARGUMENT

   A.   The Complaint Was Properly Removed to Federal Court

Federal courts have repeatedly upheld the removal of state law actions to federal courts, where the plaintiffs' self-described "state law" claims contain allegations of violations of the U.S. Constitution. See, e.g., City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 159-74, (1997) (affirming removal of state suit containing claims under state administrative-review law that local administrative action violated the United States Constitution); Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 195-202 (1921) (where plaintiff brought state suit to enjoin

2

company from investing in federal farm-loan bonds on the ground that the congressional act authorizing the bonds was unconstitutional, affirming federal jurisdiction); see also Patterson v. Omnipoint Communications, Inc., 122 F.Supp.2d 222, 224 n.1 (D.Mass. 2000) (finding federal jurisdiction is proper under federal Telecommunications Act of 1996 even though Plaintiffs assert violations of state, not federal law, regarding telecommunications facility). In this case, the Amended Complaint alternatively identifies specific violations of the U.S. Constitution or vaguely assert that either conduct or local regulations and bylaws are "unconstitutional" or constitute a taking without just compensation.

In Count One, Paragraph 24 states "[t]he action by the defendants…violates protections afforded to the plaintiffs by the 5th and 14th Amendments to the U.S. Constitution." In Count Two, Paragraph 32(e) states "the requirement constitutes a taking for a public purpose without compensation…" No legal theory is identified in Count Two. Paragraph 32(e) does not identify whether such claim is made under the U.S. Constitution or the Massachusetts Declaration of Rights. The defendants and the Court are left to speculate as to the plaintiffs' intentions. For the first time, in the Memorandum in Support of the Plaintiffs' Motion to Remand, the plaintiffs identify Count Two as an appeal pursuant G.L. c.41 §81BB.

In Count Five, Paragraph 54 states that "the plaintiffs seek declaratory judgment on the constitutionality of several of said Planning Board Rules and Regulations." The plaintiffs fail to identify whether they refer to the U.S. Constitution or the Massachusetts Declaration of Rights in Paragraph 54, or even what provision of either constitution the regulations allegedly violate. In paragraph 59 of Count Five, the plaintiffs assert that the regulations effect "a taking of private land for public purpose without compensation." Once again, the plaintiffs do not identify

whether such claim is made under the U.S. Constitution or the Massachusetts Declaration of Rights.

In Count Six, paragraph 65 states that Section 300-7 and 11E lack requirements which "raise 5th and 14th Amendment issues as well as violations of the Massachusetts Declaration of Rights" and paragraph 70 states that these regulations fail " to provide necessary constitutional protections and…[are] a tool which the planning board uses to coerce and intimidate persons, such as the plaintiffs, from exercising their constitutional rights relating to property and due process, as otherwise protected by the state and federal constitutions." In the Memorandum in Support of Their Motion to Remand, the plaintiffs further clarify that Count Six "seeks to declare unconstitutional Boxford Planning Board Regulation §300-7…because they fail to provide minimum due process protections secured by both the Massachusetts Declaration of Rights, Art. 1 and 10 and the 5th and 14th Amendments to the U.S. Constitution." Plaintiff's Memorandum, pp.12-13.

Count Seven seeks to declare "unconstitutional" Boxford's irregular lot shape zoning By-law §196-24K. Amended Complaint, ¶82.

In the Amended Complaint, there does not appear to be any reference to federal constitutional issues in Count Eight, but the plaintiffs now state, in their Memorandum of Reasons in Support of Their Motion to Remand that if, in response to their requests for relief in Count Eight, the Court decides that Section 300-2 of the Boxford Subdivision Rules and Regulations "is being used by the defendants planning board members to take private property for public trails without compensation, then we would be dealing with M.G.L.c. 41 §81Q, Massachusetts Declaration of Rights Art 1 and 10 and possibly the 5th and 14th Amendment to the United States Constitution" p.15.

4

As masters of their complaint, the plaintiffs created the situation in which they now find themselves. They asserted specific allegations of violations of their Fifth and Fourteenth Amendment rights, as well as a vague allegation that Planning Board regulations were "unconstitutional." When clarification was sought by defense counsel, it was refused. Further compounding the mystery, the plaintiffs admit they may still intend to pursue their federal constitutional claims and have indeed added a federal constitutional component to Count Eight where none was apparent on the face of the Amended Complaint.

The defendants have every right to seek federal adjudication of the allegations of the violations of the plaintiffs' Fifth and Fourteenth Amendment rights. The plaintiffs are asking the Court to allow them to "have their cake and eat it too" by permitting them to assert such federal claims in their Amended Complaint, but bar the defendants from having a U.S. District Court adjudicate them. If the plaintiffs wish to evade federal jurisdiction until they are prepared to present their claims, they may amend the complaint to eliminate them and proceed with their state law claims.

B. State Law Claims Do Not Predominate the Complaint

In their motion to remand, the plaintiffs ask the Court to remand the entire matter to state court because state law claims predominate the action. Federal district courts have discretion pursuant to 28 U.S.C. §1367(c)(2) to decline to exercise supplemental jurisdiction over a matter if state law claims substantially predominate over the claim or claims over which the district court has original jurisdiction. The standard used to determine whether state law claims substantially predominate an action derives from United Mine Workers v. Gibbs, 383 U.S. 715 (1966). In Gibbs, the Supreme Court found that in determining whether or not to remand, a district court should examine whether the state law claims predominate in terms of the proof

required, the comprehensiveness of the remedy sought, and the scope of the issues raised. Id. at 726-27. State law claims do not predominate an action if they simply outnumber federal claims based on the same set of facts. See, e.g., Borough of West Mifflin v. Lancaster, 45 F.3d 780, 786 (3d Cir. 1995).

In the present case, no substantial quantity of evidence required nor greater scope of issues raised for proof of the state law claims that would not be relevant to the federal claims against the defendants. Instead, a broader scope of issues are raised and a greater quantity of evidence will be required for the constitutional claims. Based on the representation of the plaintiffs in their Memorandum in Support of Their Motion, federal issues predominate the Amended Complaint. Counts One, and Seven explicitly allege violations of the plaintiffs' Fifth and Fourteenth Amendment rights and others refer to violations of "constitutional" rights. Again, the Amended Complaint is ambiguous, but could be fairly read to include claims that the defendants' action and/or local laws have taken the plaintiffs' property without just compensation in violation of the Fifth Amendment, as well as violated the plaintiffs' right to procedural and substantive due process as protected by the Fourteenth Amendment.[1]

C. The Failure to Include the Summons Is Not a Fatal Procedural Defect Pursuant to 28 U.S.C. 1447(c) And Does Not Warrant Remand

When this matter was removed from the Land Court to the federal court, the removal documents did not include copies of Summonses because none were on file at the Land Court. On March 17, 2004, defendants' counsel received from the Land Court copies of twelve Summonses filed in this matter. In the upper right-hand corner of each Summons, a handwritten notation states, "Please docket as originally FILED 2/23/04. D. Paterson – Recorder."

---

[1] Such claims are addressed in the Defendants' Partial Motion to Dismiss, filed contemporaneously herewith.

6

The Summonses were brought to the Land Court by plaintiff Mary Sackrider on March 12, 2004 (or perhaps March 11) to be docketed. Ms. Sackrider told the Land Court's Deputy Recorder that the Summonses had been returned to the Land Court on February 23, 2004. However, the Land Court had no record of them (Bard Affidavit, paragraph 6). Based on this apparent confusion, the Land Court agreed to make the above-described notation on each Summonses on March 12, 2004 (Bard Affidavit, paragraph 7).

The plaintiffs have argued that this matter should be remanded to state court because of the defendants' "failure" to attach Summonses to the removal documents. Subsequent to making this argument, plaintiff Mary Sackrider herself went to the Land Court, on March 12, 2004, and delivered copies of the Summonses to have them entered on the docket, back-dated to February 23, 2004. By their own actions, the plaintiffs have acknowledged that said Summonses were not available at the Land Court when the defendants assembled the Court's record for purposes of removal. To avoid the appearance of making this argument in bad faith, the plaintiffs should withdraw it.

Even if the Summonses were available to the defendants at the time of the filing of their Notice of Removal and the defendants neglected to include copies of the Summonses in the documents filed with the Notice of Removal, such a technical and de minimus procedural defect does not warrant remand of this case to state court. Because of the substantive statutory character of the defendants' removal rights under federal law, the preferred practice is to allow technical and de minimus procedural defects in the removal procedure to be cured so that the action can remain in federal court to be decided on substantive grounds in the interests of justice. See Wright & Miller, 14C Federal Practice and Procedure, §3739 (3d ed. 1998 & Supp. 2003), and cases cited. Here, even the defendants failed to file copies of the non-substantive service

pleadings at issue, such failure is too technical and de minimus to warrant remand, and contrary to the preferred practice of allowing procedural defects to be cured so that the removed action can remain in federal court to be decided on substantive grounds in the interests of justice.

IV.  CONCLUSION

WHEREFORE, the defendants respectfully request that the plaintiff's motion to remand be denied.

DEFENDANTS,

By their attorneys,

_____
Joel B. Bard (BBO# 029140)
George X. Pucci (BBO# 555346)
Kopelman and Paige, P.C.
 Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

215893/Boxf/0057

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on 3/19/04

_____