United States District Court
District of Massachusetts

C.A. No. 04 CV 10406-MEL

Gary Sackrider and Mary Sackrider, )
Plaintiffs )
)
v. )
) SECOND
) AMENDED
Robert Gore, Robert Ford, Holly Langer, ) COMPLAINT
Joseph Hill, J. Steven Merriam, Jr., Ellen )
Nestervich, and Robert Stevens, as they are )
the Members of the Boxford Planning Board, )
Barbara Jessel, Charles Costello, Neil )
Olansky, Robert Was and Joseph Callahan, )
as they comprise the Board of Selectmen for )
the Town of Boxford, Defendants )


**COUNT ONE - Appeal, under c. 41, sec. 81BB, of Conditions Imposed by Constructive Subdivision Approval**

1. The plaintiffs, Gary and Mary Sackrider, reside at 154 Spofford Road, Boxford, Massachusetts and are the owners of the land at 154 Spofford Road in Boxford, Massachusetts which in 2003 was sought to be subdivided under the subdivision control law and which is the subject matter of this suit.

2. The defendant Robert Gore resides at 186 Main Street in Boxford, Massachusetts and is the chairman of the Boxford Planning Board.

3. The defendant Robert Ford resides at 25 Sheffield Road in Boxford, Massachusetts, and is a member of the Boxford Planning Board.

4. The defendant Holly Langer resides at 146 Middleton Road in Boxford, Massachusetts and is a member of the Boxford Planning Board.

5. The defendant Ellen Nestervich resides at 179 Georgetown Road in Boxford, Massachusetts and is a member of the Boxford Planning Board.

6. The defendant J. Steven Merriam, Jr. resides at 265B Washington Street in Boxford, Massachusetts and is a member of the Boxford Planning Board.

7. The defendant Robert Stevens resides at 17 Dana Road in Boxford, Massachusetts and is a member of the Boxford Planning Board.

8. The defendant Joseph Hill resides at 41 High Ridge Road in Boxford, Massachusetts and is a member of the Boxford Planning Board.

9. The defendants identified above in paragraphs 2 through 8, as a group, constitute the membership of the Town of Boxford Planning Board.

10. In the fall of 2002, the plaintiffs decided to subdivide their 6 acre parcel of land with house thereon into two residential lots. To that end they prepared a preliminary plan and presented it on an informal basis to the Boxford Planning Board in February, 2003. The Board did an initial site walk shortly thereafter and indicated that variances would have to be obtained to permit approval of a short cul-de-sac plan.

11. On or about June 1, 2003, the plaintiffs submitted two alternative plans to the Boxford Zoning Board of Appeals seeking two variances. At the initial public hearing before the ZBA on June 26, 2003, some neighbors and Bob Ford, the Planning Board liaison to the ZBA, voiced their objections to the granting of

the variances, including a variance from the irregular lot shape zoning by-law, sec. 196-24K.

12. On July 17, 2003, the plaintiffs notified the ZBA by mail that they were withdrawing their application and appeared at the ZBA meeting of July 24, 2003 to formally withdraw without prejudice, which was allowed by the Boxford ZBA.

13. In early August, 2003, the plaintiffs tried to file a definitive subdivision plan with the Boxford Planning Board. However, the plaintiffs' engineers were told by the Boxford Planning Board Administrator, an agent of the planning board, that any such filing can only be made at a regularly scheduled planning board meeting (as per the Boxford Subdivision Rules and Regulations) and only if the applicant was on the agenda for that night.

14. Subsequently, plaintiff Gary Sackrider met with Leonard Phillips, the Boxford Planning Board Administrator. At that meeting it was agreed between the two that (1) the plaintiffs' definitive subdivision application and plans would be filed at the September 3, 2003 planning board meeting, (2) the appropriate public hearing notices would be sent to the newspaper for publication so as to meet the publication requirements and (3) September 3, 2003 would be the first day of the public hearing for the 154 Spofford Road definitive subdivision.

15. On September 3, 2003, the plaintiffs' engineer filed the definitive subdivision plan and all other required documents with the Boxford Planning Board at its regular meeting. The plan called for dividing a 6 acre parcel of land into two lots and creating a new 600+ foot road. At that time, the board accepted

those papers, read the public notice aloud and announced that the public hearing had commenced. Such filing constituted a submission of plan as is contemplated by M.G.L. c. 41, sec. 81U.

16. In September, 2003, the planning board administrator distributed copies of the definitive subdivision plan to various Boxford boards including the Conservation Commission and the Board of Health.

17. The public hearing was continued through various planning board meetings from September 3, 2003 through December 17, 2003. During this period, the planning board members made numerous unreasonable demands of the plaintiffs creating a very hostile hearing process. Also during this period at the public meetings, the defendants made it clear to the plaintiffs that the defendants would require the following conditions in order for the plaintiffs to obtain definitive subdivision approval, even though the plaintiffs at various times requested that such conditions be waived:

(a) installation of a 20,000 gallon water tank for fire protection purposes, a taking for public purposes without just compensation,

(b) a demand that the 2 existing electric poles be replaced with underground utilities when the new town hall (right down the street) started its underground utilities from the second pole into their property during this same time period,

(c) road width of 20 feet when the connecting Spofford Road was recently restored and repaved by the town at 18 feet (a violation of c. 41, sec. 81Q), and

(d) not allowing the new road to be a private way (a violation of c. 41, sec. 81Q).

Additionally, the planning board indicated that it was their policy not to grant waivers (contrary to law).

18. At the December 17, 2003 meeting, the planning board demanded that the plaintiffs file a Request for Determination with the Boxford Conservation Commission. The plaintiffs objected to the demand on the basis that it was unreasonable and late. Said demand was inconsistent with the facts shown by the environmental impact statement which had recently been provided to the planning board at the expense of the plaintiffs as well as with correspondence which had been sent to the planning board by the conservation commission administrator. The plaintiffs did not agree to make any filings with the Conservation Commission. The planning board then, on their own and without any assent by the plaintiffs, continued its hearing on the matter until which ever came first, i.e. January 21, 2004 or until there was a joint meeting with the Boxford Conservation Commission and the Boxford Planning Board, to be initiated by the plaintiffs' as part of a Request for Determination.

19. As of January 20, 2004, the Boxford Planning Board failed to "take final action or to file with the city or town clerk a certificate of such action regarding the definitive plan submitted by an applicant [the plaintiffs] within one hundred thirty-five days after such submission", as is required by M.G.L. c. 41, sec. 81U. As of that date, the Boxford Board of Health never responded to the plaintiffs'

subdivision plan which had been provided to them by the planning board administrator in September, 2003.

20. The planning board never requested or received any time extension relative to the definitive subdivision plan approval process.

21. The 154 Spofford Road definitive subdivision plan has been approved for failure of the Boxford Planning Board to take final action or to file with the town clerk a certificate of such action regarding the definitive plan submitted by the plaintiffs within one hundred thirty-five days after such submission, as is required by M.G.L. c. 41, sec. 81U.

22. The final plan that has been approved by default impliedly includes the conditions referred to above in paragraph 17, which the planning board insisted upon, but which the plaintiffs believe were beyond the power of the planning board to require or that otherwise should have been waived as a matter of law.

23. The plaintiffs will incur significant additional expenses as a result of those conditions identified above and are persons aggrieved of the approval of the subdivision with the conditions noted above.

24. The action by the defendants, acting as the Boxford Planning Board, in imposing the conditions set forth above and not waiving the same, exceeded the authority of the Board, was arbitrary, unreasonable, an abuse of discretion, contrary to the subdivision control law and violates protections afforded to the plaintiffs by the 5th and 14th amendments to the United States Constitution.

25. A Notice of Appeal (copy attached as Exhibit A and incorporated by

reference) was received by the Town of Boxford's Clerk's Office pursuant to M.G.L. c. 41, sec. 81BB, along with a copy of the original Land Court complaint, on January 29, 2004, prior to the filing of the original complaint with the Land Court.

WHEREFORE, the plaintiffs demand:

    (a) that this Court affirm that the plaintiffs' definitive subdivision plan has been approved,

    (b) that this Court enter an order declaring that the plaintiffs:

        (1) shall not be compelled to install a 20,000 gallon underground water tank for fire protection purposes,

        (2) shall be allowed to keep the 2 existing electric poles and start underground utilities from the second pole,

        (3) shall not be required to build a road with width in excess of 18 feet and

        (4) shall be allowed to have the new road be a private way.

    (c) that this Court grant such further relief as it deems proper, and

    (d) that this Court retain jurisdiction pending the final resolution of all conditions that might be imposed upon this definitive plan.

**COUNT TWO - Appeal of Subdivision Rescission - January 21, 2004**

26. The plaintiffs incorporate by reference allegations 1 through 25.

27. The defendants claim that on January 21, 2004, acting as the Boxford Planning Board, they rescinded the constructive approval of the plaintiffs' subdivision. In furtherance of that claim, on January 22, 2004, they filed with the

Boxford Town Clerk the attached two letters consisting of 4 pages, which have been marked as Exhibit B and are hereby incorporated by reference.

28. On the same night at the same meeting, the defendant members of the Boxford Planning Board, according to their minutes, also voted to deny said subdivision, but they never filed that decision with the town clerk (according to the town clerk) and never sent notification to the plaintiffs of that decision, as is required by law. The plaintiffs only discovered that fact by accident on February 18, 2004.

29. The action taken by the Board on January 21, 2004 is contrary to the requirements of law regarding notice and the reasons given are not valid reasons for a rescission.

30. The actions taken by the Board in this matter, along with the list shown as Exhibit B, is further evidence of the defendants' bad faith and their unwillingness to provide a fair and impartial hearing process as required by law. In addition, at least two, and perhaps all of the members of the planning board voted with a conflict of interest.

31. The last revised plan, as submitted by plaintiffs' engineers, met all of the requirements of the subdivision control law., including board of health requirements.

32. The 30 reasons stated in Exhibit B fall into one or more of the following categories:

(a) not required by the subdivision rules and regulations,

(b) failure to waive the condition would be unreasonable and arbitrary,

(c) the condition is in conflict with the subdivision control laws,

(d) the reason has no basis in fact, such as the allegation of failure to pay expert fees when no formal request had been made for the same,

(e) the requirement constitutes a taking for a public purpose without compensation or

(f) the requirement does not have a valid nexus between what is requested and the exercise of a legitimate police power.

33. The action by the defendants, acting as the Boxford Planning Board, in revoking approval exceeded the authority of the Board, was arbitrary, unreasonable, an abuse of discretion and contrary to the subdivision control law.

34. The plaintiffs are persons aggrieved by the actions of the defendants acting as the Boxford Planning Board.

WHEREFORE, the plaintiffs demand that the January 21, 2004 (Exhibit B) rescission of the Boxford Planning Board be declared null and void or otherwise annulled.

**COUNT THREE - Appeal of Subdivision Rescission - February 11, 2004**

35. The plaintiffs incorporate by reference allegations 1 through 34.

36. Subsequent to the January 21, 2004 public hearing, the defendants caused notice to be published in the local newspaper, first appearing on January 29, 2004, that they would again attempt to revoke the plaintiffs' subdivision approval with a special meeting scheduled for February 11, 2004.

37. The Defendants claim that on February 11, 2004, acting as the Boxford

Planning Board, they (again) rescinded the constructive approval of the plaintiffs' subdivision. In furtherance of that claim, on February 19, 2004, they filed with the Boxford Town Clerk a two page letter dated February 12, 2004, which is attached hereto and incorporated by reference as part of Exhibit F. That document cites the same 30 reasons as Exhibit B.

38. As of February 19, 2004, the plaintiffs had not been served with a copy, as is required by law.

39. The action taken by the Board in February, 2004 was done without full compliance with the local and state subdivision regulations and was also in violation of state conflict of interest laws. Furthermore, because of the Planning Board's prior actions, it is estopped and has otherwise waived its right to rescind, because to allow such action would operate to defeat the intent of the state subdivision control law.

40. The actions taken by the Board in this matter with this list of 30 reasons (Exhibit B) is further evidence of the defendants' bad faith and their unwillingness to provide a fair and impartial hearing process as required by law.

41. The last revised plan, as submitted by plaintiffs' engineers, met all of the requirements of the subdivision control law, including board of health requirements.

42. The action by the defendants, acting as the Boxford Planning Board, in revoking approval exceeded the authority of the Board, was arbitrary, unreasonable, an abuse of discretion and contrary to the subdivision control law.

43. The defendants' failure to comply with local and statutory procedural requirements renders their decision null and void.

44. The plaintiffs are persons aggrieved by the actions of the defendants acting as the Boxford Planning Board.

45. Plaintiffs' Notice of Appeal (copy attached as Exhibit F and incorporated by reference) was received by the Town of Boxford's Clerk's Office pursuant to M.G.L. c. 41, sec. 81BB on February 19, 2004, prior to the filing of this amended complaint with the Land Court.

WHEREFORE, the plaintiffs demand:

(a) that the February 11, 2004 rescission of the Boxford Planning Board be declared null and void or otherwise annulled,

(b) that this Court enter an order to permanently enjoin the defendants from taking any further action under c. 41 sec. 81W without the prior consent of this Court,

(c) that the plaintiffs be awarded their costs and reasonable attorney's fees and

(d) that this Court make such other equitable orders as are just.

**COUNT FOUR - Declaratory Judgment - Challenge to Conditions of Revocation and other conditions**

46. The plaintiffs incorporate by reference allegations 1 through 45.

47. The plaintiffs have an approved subdivision. The past actions by the defendants in attempting to revoke the constructive approval and the reasons given therefore, provide strong evidence that if this Court declares the prior

attempt to revoke a nullity, then the defendants will merely try again to revoke the subdivision, citing the same conditions and reasons or inventing new ones.

48. The facts alleged demonstrate that the plaintiffs are not likely to get a fair and impartial hearing as part of any subsequent planning board meeting. The Board in the past has unreasonably run up the plaintiffs' expenses in several ways including demanding expert proof and revised plans on facts for which there has been no probable cause to conclude that further work on those issues was warranted. The plaintiffs have every expectation that this abuse will continue if this matter is simply remanded to the Board for further consideration.

49. The plaintiffs do not intend to give up their efforts to obtain subdivision approval.

50. In order to facilitate this process and to reduce further delays, further violations of the plaintiffs' constitutional rights, unreasonable expense and further litigation, the plaintiffs request this court (a) to rule on each of the 30 reasons for denial which the Board has asserted (Exhibit B), and indicate, which, if any, can be used as a basis for rescission and which, if any, the plaintiffs need to cure if they want to obtain an approved subdivision and (b) to make similar rulings relative to the conditions listed in Exhibit B to this complaint.

WHEREFORE, the plaintiffs demand that this Court find:

(a) that each of the reasons cited by the Boxford Planning Board as a basis for revocation be declared an invalid reason;

(b) that the Boxford Planning Board be directed that they cannot adopt or

use any of those reasons against the plaintiffs in any further efforts to amend, modify or revoke the plaintiffs' approved subdivision;

(c) that the plaintiffs be awarded their costs and reasonable attorneys fees, and

(d) that this court make such other equitable orders as are just.

**COUNT FIVE - Declaratory Judgment - Challenge to the validity of certain Planning Board Rules and Regulations**

51. The plaintiffs incorporate by reference allegations 1 through 50.

52. On January 29, 2004, prior to the filing of the original complaint with the Land Court, a copy of said Land Court complaint was sent to the Massachusetts Attorney General by certified mail pursuant to M.G.L. c. 231A, sec. 8.

53. Under authority of M.G.L. c. 41, sec 81Q, the Boxford Planning Board has adopted written Rules and Regulations. Those regulations are not allowed to be in conflict with the Massachusetts subdivision control law.

54. Pursuant to M.G.L. c. 231A, sec. 1, the plaintiffs seek declaratory judgment on the constitutionality of several of said Planning Board Rules and Regulations and seek equitable relief from the application of those rules to the plaintiffs. The rules at issue are arbitrary, unreasonable and do not serve legitimate government purposes both as to how they are written and how they have been applied to the plaintiffs as part of the practices of the Town of Boxford. In some cases, they are in direct contradiction with the subdivision control law including the requirement that no private property shall be taken for public purpose without compensation to the owner, as set forth in M.G.L. c. 41, sec 81Q.

55. Boxford Planning Board Regulation §300-11A(2)&(3), as it relates to Form C, fails both in policy and practice, as applied to the plaintiffs, to allow the plaintiffs the opportunity to file notice with the Town Clerk as is otherwise provided by M.G.L. c. 41, §81T and obtain a Certificate under M.G.L. c. 41, §81V from the Town Clerk when the planning board fails to act in a timely manner, as in this case. A copy of Regulation §300-11 is attached hereto, marked as Exhibit C and incorporated by reference.

56. Boxford Planning Board rule §300-11E(2)(a)(7), as it has been applied to the plaintiffs, as part of the Board policies and practices, essentially requires the plaintiffs to follow a policy that is inconsistent with the state subdivision control law and then penalizes the plaintiffs when the town fails to carry out their burden under the local rule, as in failing to file with the board of health, as alleged by the defendants (even though the plaintiffs have since confirmed that the Board of Health was given a copy of the plan in September, 2003).

57. Section 300-42 of the Boxford subdivision regulations (and c. 41, §81M) allow for granting of waivers, but the Boxford Planning Board in this case has indicated that it is their policy and practice not to grant waivers, and have refused to do so with the plaintiffs on several occasions where such refusal was unreasonable and arbitrary, for example, by requiring a traffic study under §300-11B(21), requiring a last minute filing of a Request for Determination under §300-11B(22) and requiring the plaintiffs to locate on a plan all trees above a certain size that are located in the woods. See <u>O.I.B. Corp. v. Planning Board of</u>

Braintree, 6 Land Ct. Rptr. 57 (1998).

58. The Boxford Planning Board Design Requirements found in §300-12C(4) mandate that the plaintiffs provide road width in a manner that is more burdensome than what the town has recently imposed upon itself on Spofford Road, a violation of M.G.L. c. 41, §81Q.

59. Section 300-15 of the Boxford subdivision regulations prohibits the cutting and disturbing of larger trees within the subdivision without the permission of the Planning Board. Yet no guidelines exist for the exercise of this discretion. Furthermore, section 15's stated purpose is to classify certain private property as a "community asset" "which if preserved will add attractiveness and value to the community". As such this is a taking of private land for public purpose without compensation. There is no provision of law which prohibits the cutting of said trees prior to the application for subdivision. A copy of §300-15 is attached hereto, marked as Exhibit G and incorporated by reference.

60. The Boxford Planning Board Design Requirements found in §300-17A mandates that the plaintiffs provide underground utilities. The planning board defendants have sought to interpret this regulation so as to mandate the removal of existing above ground utilities to be replaced with underground utilities without any compensation for the applicant. §300-17A also mandates that the plaintiffs provide underground utilities in a manner that is more burdensome than what the town has recently imposed upon itself at the new Town Hall, where they started the underground utilities from a pre-existing, above ground, utility pole located

within the lot. Imposing a different requirement on the plaintiffs is a violation of M.G.L. c. 41, §81Q.

61. The Boxford Planning Board has insisted that the plaintiffs' subdivision provide for a public road, not a private road as originally proposed by the plaintiffs. The plaintiffs have a right to propose a private road according to M.G.L. c. 41, §81Q.

WHEREFORE, the plaintiffs demand:

(a) that Boxford Subdivision Rules and Regulations, §300-11A(2)&(3) be declared invalid generally and as they apply to the plaintiffs and their land in Boxford on the grounds that §300-11A(2)&(3) conflict with the requirements of the state subdivision control law;

(b) that Boxford Subdivision Rules and Regulations, §300-11E(2)(a)(7) be declared invalid generally and as it applies to the plaintiffs and their land in Boxford on the grounds that §300-11A(2)&(3) conflicts with the requirements of the state subdivision control law relating to who is supposed to file the plan with the Board of Health;

(c) that Boxford Subdivision Rules and Regulations, §300-12C(4) be declared invalid generally and as it applies to the plaintiffs and their land in Boxford on the grounds that it conflicts with road construction requirements set forth in M.G.L. c. 41, §81Q;

(d) that Boxford Subdivision Rules and Regulations, §300-15 be declared invalid generally and as it applies to the plaintiffs and their land in Boxford on the

grounds that it conflicts with the requirement that private land shall not be taken for public purpose without compensation, as set forth in M.G.L. c. 41, §81Q, Massachusetts Declaration of Rights, Art, I and X and with the 5th and 14th Amendments to the United States Constitution.

(e) that Boxford Subdivision Rules and Regulations, §300-17A be declared invalid generally and as it applies to the plaintiffs and their land in Boxford on the grounds that it conflicts with utility construction requirements set forth in M.G.L. c. 41, §81Q and related case law;

(f) that the Boxford Planning Board be directed that they cannot adopt or enforce a "no waiver" nor a "no growth" policy;

(g) that the Boxford Planning Board be directed that they cannot require as a condition of subdivision approval that the plaintiffs' new road be a public way in violation of in M.G.L. c. 41, §81Q.

(h) that the plaintiffs be awarded their costs and reasonable attorney's fees, and

(i) that this Court make such other equitable orders as are just.

**COUNT SIX - Declaratory Judgment - Outside Consultants**

62. The plaintiffs incorporate by reference allegations 1 through 61.

63. Pursuant to M.G.L. c. 231A, §1, the plaintiffs seek declaratory judgment and equitable relief in regard to Boxford Planning Board Regulation §300-7, pertaining to the use of outside consultants. Said rule is arbitrary, unreasonable and does not serve a legitimate government purpose, both as to how it is written and how it has been applied to the plaintiffs by the defendants. A

copy of said regulation is attached hereto as Exhibit D and incorporated by reference.

64. Regulation §300-7 and 11E fail, both in policy and practice, as applied to the plaintiffs:

(1) to require the consultant be objective, impartial and honest, as opposed to intentionally adversarial,

(2) to provide reasonable accountings in reasonable time periods,

(3) to prohibit the imposition of unreasonable fees such as would be incurred where the town hires two consultants to do the same work, and

(4) to provide for an appeal process where the applicant can protect himself from wasteful spending.

65. As such, the lack of those requirements raise 5th and 14th amendment due process issues as well as violations of the Massachusetts Declaration of Rights.

66. Pursuant to §300-7 and 11E, the defendants have extracted from the plaintiffs the sum of $5,000 (and seek more) under said rule and have wasted that money by hiring two engineering firms (VHB, Inc. and Fred Geisel) to do the same work, one of which (Fred Geisel) is either not honestly objective or is incompetent. Mr. Geisel has clearly been hired by the defendants to act as a nonobjective adversary at the plaintiffs' expense.

67. When the plaintiffs requested an accounting, the defendants responded with an attempted rescission of the subdivision approval, citing failure to pay additional consulting fees as one of the reasons. The plaintiffs still have received

no accounting.

68. It is the policy and practice of the Boxford Planning Board not to seek a detailed accounting of how said money is spent and not to provide the subdivision applicant any means to obtain an accounting within reasonable time periods and to have any appeal rights relative to wasteful or unfair spending.

69. Regulation §300-7 provides that failure of the applicant to pay fees shall be grounds for denial of the subdivision.

70. Regulations §300-7 and 11E, both in policy and practice, as applied to the plaintiffs, fail to provide necessary constitutional protections and in fact have become tools which the planning board uses to coerce and intimidate persons, such as the plaintiffs, from exercising their constitutional rights relating to property and due process, as otherwise protected by the state and federal constitutions.

WHEREFORE, the plaintiffs demand:

(a) that Boxford Subdivision Rules and Regulation §300-7 and 11E be declared unconstitutional generally and as it applies to the plaintiffs and their land in Boxford;

(b) that the Boxford Planning Board be ordered to reimburse the plaintiffs the $5,000 which the Board extracted from the plaintiffs based upon that regulation;

(c) that the Boxford Planning Board be enjoined from imposing upon the plaintiffs any further requirement to abide by those regulations;

(d) that the defendants be barred from any further use of Fred Geisel in regard to the plaintiffs' subdivision and that the town be confined to using their original choice of engineers, VHB, Inc.;

(e) that this Court declare that any consultants hired pursuant to rules and regulations adopted pursuant to c. 44, §53G owe a duty to the person paying for the services (the applicant) to be fair, reasonable and not deceptive in carrying out their expert functions.

(f) that the plaintiffs be awarded their costs and reasonable attorney's fees and

(g) that this Court make such other equitable orders as are just.

**COUNT SEVEN - Declaratory Judgment - Irregular Lot Zoning Requirement**

71. The Town of Boxford is a municipality created pursuant to the laws of the Commonwealth of Massachusetts. It is managed through its Board of Selectmen, who have been named as defendants in this suit, in their representative capacities.

72. Barbara Jessel is the chairwoman of the Board of Selectmen for the Town of Boxford and resides at 23 Lily Pond Road, Boxford, Massachusetts.

73. Charles Costello is a selectman for the Town of Boxford and resides at 42 Rowley Road, Boxford, Massachusetts.

74. Neil Olansky is a selectman for the Town of Boxford and resides at 739C Main Street, Boxford, Massachusetts.

75. Robert Was is a selectman for the Town of Boxford and resides at 56 Surrey Lane, Boxford, Massachusetts.