UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-10406-MEL

GARY SACKRIDER and MARY SACKRIDER,

    Plaintiffs

v.

ROBERT GORE, ROBERT FORD, HOLLY LANGER, JOSEPH HILL, J. STEVEN MERRIAM, JR., ELLEN NESTERVICH, and ROBERT STEVENS, as they are the Members of the Boxford Planning Board, BARBARA JESSEL, CHARLES COSTELLO, NEIL OLANSKY, ROBERT WAS and JOSEPH CALLAHAN, as they comprise the Board of Selectmen for the TOWN OF BOXFORD,

    Defendants

ANSWER TO SECOND AMENDED COMPLAINT

    The defendants hereby respond to the numbered allegations of the Second Amended Complaint as follows:

COUNT I - Appeal under G.L. c.41, §81BB of Conditions Imposed by
Constructive Subdivision Approval

1.     The defendants are without sufficient knowledge or information to enable them to admit or deny the allegations set forth in Paragraph 1.

2.     Admitted.

3.     Admitted.

4.     Admitted.

5.     Admitted.

6.     Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. As to the first sentence of Paragraph 10, the defendants are without sufficient knowledge or information to enable them to admit or deny the allegations set forth therein. As to the second sentence of Paragraph 10, admitted that the plaintiff showed a plan to the Planning Board in February, 2003, but denied that said plan constituted a "preliminary plan" under the Subdivision Control Law or that a preliminary subdivision plan was ever submitted to the Planning Board. As to the third sentence of Paragraph 10, admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Denied.

15. As to the first sentence of paragraph 15, admitted that the plaintiffs filed a definitive subdivision plan at the September 3, 2003 meeting, but denied that all required documents were submitted with such definitive subdivision plan. As for the second sentence of Paragraph 15, the plan speaks for itself. As to the third sentence of Paragraph 15, admitted. The fourth sentence of Paragraph 15 constitutes a conclusion of law to which no response is required. To the extent the fourth sentence of Paragraph 15 makes factual allegations, they are denied.

16. Admitted.

17. As to the first sentence of Paragraph 17, admitted. As to the second sentence of Paragraph 17, denied. As to the third sentence of Paragraph 17, subparagraph (a) constitutes a conclusion of law to which no response is required, and to the extent it makes factual allegations,

Case 1:04-cv-10406-MEL    Document 17    Filed 03/26/2004    Page 3 of 13

they are denied; the defendants admit subparagraph (b) but further answering, state that the Planning Board had no authority over the placement of underground utilities at Town Hall; the defendants deny subparagraph (c), and further answering, state that the Planning Board had no authority over the width of Spofford Road; the defendants deny subparagraph (d). As to the fourth sentence of Paragraph 17, denied.

18. As to the first sentence of Paragraph 18, admitted. As to the second sentence of Paragraph 18, admitted. As to the third sentence of Paragraph 18, denied. As to the fourth sentence of Paragraph 18, admitted. As to the fifth sentence of Paragraph 18, admitted.

19. Denied.

20. Denied.

21. Paragraph 21 constitutes conclusions of law to which no response is required. To the extent Paragraph 21 makes factual allegations, they are denied.

22. Paragraph 22 constitutes conclusions of law to which no response is required. To the extent Paragraph 22 makes factual allegations, they are denied.

23. Denied.

24. Denied.

25. Admitted that the Town Clerk received correspondence entitled Notice of Appeal as alleged, but denied as to the validity of said appeal, and denied plaintiffs are entitled to relief as demanded.

COUNT II – Appeal of Subdivision Rescission

26. The defendants repeat and incorporate as if fully set forth herein their responses to Paragraphs 1 through 25.

27. Admitted.

3

28. As to the first sentence of Paragraph 28, admitted, except as to the allegation that the decision was not filed with the Town Clerk and that notification was not sent to the plaintiffs. As to the second sentence of Paragraph 28, the defendants are without sufficient knowledge or information to enable them to admit or deny the allegations set forth therein.

29. Paragraph 29 constitutes conclusions of law to which no response is required. To the extent Paragraph 29 makes factual allegations, they are denied.

30. Denied.

31. Paragraph 31 constitutes conclusions of law to which no response is required. To the extent Paragraph 31 makes factual allegations, they are denied.

32. Exhibit B speaks for itself. Further answering, denied as to the characterizations of the reasons contained therein.

33. Denied.

34. Denied, and denied plaintiffs are entitled to relief as demanded.

COUNT III – Appeal of Subdivision Rescission – February 11, 2004

35. The defendants repeat and incorporate as if fully set forth herein their responses to Paragraphs 1 through 34.

36. Admitted.

37. Admitted.

38. Denied to the extent that plaintiff Gary Sackrider was provided a copy of the February 12, 2004 letter in hand on February 19, 2004 by the Town Clerk. Admitted to the extent that the registered letter may not have been received by the plaintiffs by February 19, 2004.

39. Paragraph 39 constitutes conclusions of law to which no response is required. To the extent Paragraph 39 makes factual allegations, they are denied.

4

40. Denied.

41. Paragraph 41 constitutes conclusions of law to which no response is required. To the extent Paragraph 41 makes factual allegations, they are denied.

42. Denied.

43. Denied.

44. Denied.

45. Admitted that the Town Clerk received correspondence entitled Notice of Appeal as alleged, but denied as to the validity of said appeal and denied that plaintiffs are entitled to relief as demanded.

## COUNT IV – Declaratory Judgment –
## Challenge to Conditions of Revocation and other Conditions

46. The defendants repeat and incorporate as if fully set forth herein their responses to Paragraphs 1 through 45.

47. Denied.

48. Denied.

49. The defendants are without sufficient knowledge or information to enable them to admit or deny the allegations set forth in Paragraph 49.

50. Denied, and denied plaintiffs are entitled to relief as demanded.

## COUNT V – Declaratory Judgment –
## Constitutional Challenge to Certain Planning Board Rules and Regulations

51. The defendants repeat and incorporate as if fully set forth herein their responses to Paragraphs 1 through 50.

52. The defendants are without sufficient knowledge or information to enable them to admit or deny the allegations set forth in Paragraph 52.

53. Paragraph 53 constitutes conclusions of law to which no response is required. To the extent Paragraph 53 makes factual allegations, they are denied.

54. As to the first sentence of Paragraph 54, denied plaintiffs are entitled to relief as demanded. As to the second and third sentences of Paragraph 54, denied.

55. As to the first sentence of Paragraph 55, denied. As to the second sentence of Paragraph 55, admitted.

56. Denied.

57. Paragraph 57 constitutes conclusions of law to which no response is required. To the extent Paragraph 57 makes factual allegations, defendants respond that Section 300-42 and G.L. c.41 §81M speak for themselves, admitted that the Planning Board required the plaintiffs to submit a traffic study and to identify trees above a certain size on the plans submitted to the Planning Board, otherwise denied.

58. Denied.

59. Paragraph 59 constitutes conclusions of law to which no response is required. To the extent Paragraph 59 makes factual allegations, defendants respond that Section 300-15 speaks for itself, deny the factual allegations to the extent inconsistent therewith, and deny all remaining allegations.

60. Paragraph 60 constitutes legal conclusions to which no response is required. To the extent Paragraph 60 makes factual allegations, defendants respond that Section 300-15 speaks for itself, deny the allegations to the extent inconsistent therewith, and deny all remaining allegations.

61. As to the first sentence of Paragraph 61, denied. The second sentence of Paragraph 61 constitutes a conclusion of law to which no response is required. To the extent this sentence

6

makes factual allegations, they are denied, and it is also further denied that plaintiffs are entitled to relief as demanded.

### COUNT VI – Declaratory Judgment – Outside Consultants

62. The defendants repeat and incorporate as if set forth fully herein their responses to Paragraphs 1-61.

63. As to the first sentence of Paragraph 63, defendants deny plaintiffs are entitled to judgment and relief as alleged. As to the second sentence of Paragraph 63, denied. As to the third sentence of Paragraph 63, admitted.

64. Denied.

65. Denied.

66. Denied.

67. As to the first sentence of Paragraph 67, denied. As to the second sentence of Paragraph 67, admitted.

68. Denied.

69. Admitted.

70. Denied, and denied plaintiffs are entitled to relief as demanded.

### COUNT VII – Declaratory Judgment – Irregular Zoning Lot Requirement

71  Admitted.

72. Admitted

73. Admitted.

74. Admitted.

75. Admitted.

76. Admitted.

77. The defendants repeat and incorporate as if fully set forth herein their responses to Paragraphs 1, 10, 37 and 45.

78. Paragraph 78 constitutes conclusions of law to which no response is required. To the extent Paragraph 78 makes factual allegations, they are denied.

79. Admitted.

80. Admitted that the plaintiffs withdrew their application for relief prior to the Board taking action upon it. The defendants are without sufficient knowledge or information to enable them to admit or deny the remaining allegations set forth in Paragraph 80.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied, and denied plaintiffs are entitled to relief as demanded.

COUNT VIII – Declaratory Judgment – Trails - §300-21

89. The defendants repeat and incorporate as if set forth fully herein their responses to Paragraphs 1-9, 15-21, 27-45, 53 and 54.

90. Denied plaintiffs are entitled to judgment and relief as alleged.

91. Defendants respond that Section 300-21 speaks for itself and deny the allegations of Paragraph 91 to the extent inconsistent therewith.

92. Paragraph 92 constitutes conclusions to which no response is required. To the extent Paragraph 92 makes factual allegations, they are denied.

93. The defendants are without sufficient knowledge or information to enable them to admit or deny the allegations set forth in Paragraph 93.

94. Denied.

95. Admitted.

96. Denied.

97. As to the first sentence of Paragraph 97, admitted that a number of Planning Board members are members of Boxford Trails Association, but not all. As to the second and third sentences of Paragraph 97, admitted. The fourth sentence constitutes a legal conclusion to which no response is required. To the extent the fourth sentence makes factual allegations, defendants respond that they are without sufficient knowledge or information to enable them to admit or deny the allegations.

98. Denied.

99. Denied, and denied plaintiffs are entitled as demanded.

COUNT IX – Declaratory Judgment – Scenic Roads Act

100. The defendants repeat and incorporate as if set forth fully herein their responses to Paragraphs 1-9.

101. Admitted.

102. As to the first sentence of Paragraph 102, admitted. As to the second sentence of Paragraph 102, admitted only that the Planning Board voted to postpone the decision until such time as the subdivision was approved and all appeals period had expired, otherwise denied.

103. Paragraph 103 constitutes a conclusion of law to which no response is required. To the extent Paragraph 103 makes factual allegations, they are denied.

104. Denied, and denied plaintiffs are entitled to relief as demanded.

## DEFENSES

### FIRST DEFENSE

The Second Amended Complaint fails to state a cause of action upon which relief can be granted because it misstates applicable law and/or required legal elements and alleges facts which do not support causes of action under valid legal theories.

### SECOND DEFENSE

The Amended Complaint fails to state a cause of action for which relief can be granted against the defendants Barbara Jessel, Charles Costello, Neil Olansky, Robert Was and Joseph Callahan for violations of the Fifth and Fourteenth Amendment of the U.S. Constitution because it states no personal involvement, policy or knowledge by said defendants of the alleged wrongdoing or any pattern of wrongful or abusive behavior.

### THIRD DEFENSE

The plaintiffs' claim for a taking without just compensation must be dismissed because it is not ripe for adjudication.

### FOURTH DEFENSE

At all times relevant hereto, the defendants acted in good faith, within their lawful authority, and lawfully exercised their discretion regarding the matters alleged herein.

## FIFTH DEFENSE

The actions and conduct of the defendants did not violate any clearly established constitutional or Federal statutory rights of which they reasonably should have been aware, and they are therefore entitled to qualified immunity.

## SIXTH DEFENSE

Any injury or damages suffered by the Plaintiff, to the extent actually incurred, were caused by reason of the plaintiffs' own wrongful acts, misconduct or negligence.

## SEVENTH DEFENSE

Plaintiffs fail to state a claim for which relief can be granted under the Massachusetts Civil Rights Act because they failed to allege that the defendants interfered with, or attempted to interfere with, rights secured by the federal or state constitutions or by law through threats, intimidation, or coercion against the plaintiffs, nor have they alleged that the defendants made them fearful or apprehensive of injury or harm.

## EIGHTH DEFENSE

Counts Five, Six and Seven must be dismissed for failure to name an indispensable party.

## NINTH DEFENSE

All claims of deprivations of the plaintiffs' right to procedural due process must be dismissed because they have failed to identify a property interest of which they have been deprived.

## TENTH DEFENSE

All claims of deprivations of the plaintiffs' right to procedural due process must be dismissed because they have adequate post-deprivation remedies.

## ELEVENTH DEFENSE

All claims of deprivation of the plaintiffs' rights to substantive due process should be dismissed because they have failed to plead facts demonstrating that they have been denied a liberty or property interest, and have failed to allege conscience-shocking behavior on the part of the defendants.

## TWELFTH DEFENSE

The plaintiffs have failed to state a claim upon which relief may be granted regarding the constitutionality of the Boxford Subdivision Rules and Regulations and the Boxford Zoning Bylaws, as said regulations and Bylaws bear a real and substantial relation to the public health, safety and welfare.

## THIRTEENTH DEFENSE

Plaintiffs are barred from recovery for failure to exhaust applicable administrative remedies.

## FOURTEENTH DEFENSE

Plaintiffs lack standing to pursue certain of the claims asserted in their Second Amended Complaint.

## FIFTEENTH DEFENSE

Plaintiffs are not entitled to recovery under their takings claim because they have not been deprived the use of their property as a whole, mere diminution of value is not a taking, plaintiffs are not entitled to compensation for denial of rights they never held, and plaintiffs are not entitled to compensation for denial of uses which are unavailable under principles of state property law.

## SIXTEENTH DEFENSE

Rejection of a development project under the circumstances of this case does not implicate substantive due process.

## SEVENTEENTH DEFENSE (PARTIAL MOTION TO DISMISS)

Plaintiffs' claims under the U.S. Constitution must be dismissed under Fed.R.Civ.P. 12(b)(1) and 12(b)(6) on the grounds set forth in the defendants' accompanying Partial Motion to Dismiss and Memorandum of Reasons in Support of Partial Motion to Dismiss which are incorporated by reference.

DEFENDANTS,

By their attorney,

*[signature]*

Joel B. Bard (BBO# 029140)
George X. Pucci (BBO# 555346)
Kopelman and Paige, P.C.
 Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

214815/BOXF/0057

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 3/26/04

*[signature]*