United States District Court
District of Massachusetts

C.A. No. 04 CV 10406 - MEL

Gary Sackrider and Mary Sackrider,
Plaintiffs

v.

Robert Gore, Robert Ford, Holly Langer,
Joseph Hill, J. Steven Merriam, Jr., Ellen
Nestervich, and Robert Stevens, as they are
the Members of the Boxford Planning Board,
Barbara Jessel, Charles Costello, Neil
Olansky, Robert Was and Joseph Callahan,
as they comprise the Board of Selectmen for
the Town of Boxford, Defendants

PLAINTIFFS'
MEMORANDUM OF
REASONS IN SUPPORT OF
MOTION FOR SANCTIONS

**Factual and Procedural Background**

On January 29, 2004, the plaintiffs filed this case with the Massachusetts Land Court. Service was perfected upon all defendants by February 4, 2004. On February 20, 2004, the defendants were served by mail with an amended complaint, interrogatories to seven defendants, a request for production of documents and a notice of deposition for the planning board administrator.

On March 1, 2004, defendants' attorney Katharine Goree Doyle sent to Gary Sackrider a fax indicating on page one that she would be removing the case to federal court because the "allegations raise federal questions". However, on page 2 she contradicts herself by stating she would follow up the removal by making "a Partial Motion to Dismiss the federal allegations in your Amended Complaint for failure to

- 1 -

state a claim upon which relief can be granted." (i.e. motion to dismiss for failure to state a <u>federal</u> claim). On March 1, 2004, the defendants filed with this court a Notice of Removal under 28 U.S.C. §§1441 and 1446 identifying this to be a <u>civil rights</u> case.

During March, 2004, counsel for the parties sent several faxes to each other. The defendants' counsel was seeking extensions of time (delay) and stay of discovery. (See faxes/letters dated March 1, 2004 and March 4, 2004 attached to affidavit of Gary Sackrider.) In response, the plaintiffs' counsel by fax dated March 5, 2004, pointed out that this was not a civil rights case and the case had been filed in a court that lacked civil rights jurisdiction (Land Court).

On March 4, 2004, the plaintiffs served notice by mail to the defendants that the plaintiffs would bring a Motion for Sanctions for the removal. On March 10, 2004, the plaintiffs filed and served a Motion to Remand. On March 19, 2004, the defendants filed their opposition to the Motion to Remand. On March 23, 2004, counsel for the parties conferred under Local Rule 7.1 relative to the Motion for Sanctions and were unable to resolve the dispute.

The plaintiffs' Motion for Sanctions was formally served and filed with this court on March 30, 2004.

**Issue**

Did the defendants violate F.R.C.P. 11 by removing the case to federal court for purposes of delay, harassment or to cause additional expense when there was no reasonable basis to believe that there was federal court jurisdiction?

**Argument**

Whether defendants' counsel acted reasonably in removing this case to federal court should be looked at both from the date of removal (March 1, 2004) and from the date the plaintiffs' Motion for Sanctions was filed (March 30, 2004).

By the time this case was removed, the defendants had already been served with the amended complaint. They also had been served with a significant amount of discovery requests. The removal occurred only a few days after the discovery requests were served. For all intents and purposes, discovery ceases upon removal to the federal district court until a Rule 26 management conference is held. Once the case was transferred to federal court, the defendants' counsels began to ask for extensions and demanded that all discovery cease (or they would seek a protective order, see fax of March 4, 2004).

The defendants' attorney in her federal court filing cover sheet checked off box 440 for "civil rights". In their Notice of Removal (para. #1), they claim this case to be one falling under 42 U.S.C. §1983 and M.G.L. c. 12, §11H and I. (However, they do not indicate which count is the civil rights count.) Neither of those statutes is referred to the the amended complaint.

Each count of the amended complaint specified the state court jurisdiction; all of which were either M.G.L. c. 41, §81BB, c. 231A, §1 or c. 240, §14A. None of those are civil rights statutes. Land Court lacks jurisdiction to hear civil rights cases. The defendants' own Notice of Removal acknowledges that the plaintiffs did not plead civil rights remedies (para, #1). There was no reasonable basis to believe that the causes of action pleaded in the amended complaint could have been brought in the first instance in the federal district court under 28 U.S.C. §1441 (as alleged) or

under 28 U.S.C. §1331. The First Circuit has consistently held that "run-of-the-mill land disputes", even if made for invalid reasons, do not create a cause of action under §1983. Alton Land Trust v. Town of Alton, 745 F.2d 730, 732 (1st Cir 1984). It was totally unreasonable for the defendants' attorneys to remove the case from Land Court.

Probably the most telling evidence is the fax of attorney Katharine Doyle dated March 1, 2004, where she claims that "allegations raise federal questions" sufficient to remove the case, but that those same allegations fail to state a claim under federal law, which will entitle her to a motion to dismiss once the case is in federal court. If the amended complaint fails to state a federal claim, then how could any reasonable attorney believe that federal jurisdiction exists to support a removal?

Even after the case was removed, counsel for the defendants was provided faxes and a remand brief explaining why there was no basis to remove this case. Despite that, the defendants have refused to agree to a remand. Instead they filed their opposition the plaintiffs' Motion to Remand.

The plaintiffs assert that the case was removed primarily to avoid pending discovery in Land Court. Secondarily, it was removed to increase plaintiffs' delay, expense and was also an attempt to obtain res judicata on a potential civil rights claim that is not even ripe to file. If the plaintiffs are the "masters of the complaint", then they cannot be forced to try a cause of action that they have not plead in a forum that they have not chosen. Holmes Group, Inc. v. Vornado Aircirculation Systems, Inc. (01-408) 535 U.S. 826 (2002), 13 Fed Appx. 961, vacated and remanded.

Notice of removal to federal court pursuant to 28 U.S.C. §1446 is subject to

Rule 11. See <u>Unanue-Casal v. Unanue-Casal</u>, 898 F.2d 839, 841 (1st Cir. 1990). No reasonable attorney would conclude that the causes of action stated in the amended complaint were sufficient to fall within federal court jurisdiction. The mere mention of a federal right does not mean there is federal court jurisdiction. The defendants should be sanctioned for the extensive time the plaintiffs' counsel has had to expend to respond to all of the matters that appear on the federal court docket of this case.

The recently filed affidavit of Joel Bard in opposition to plaintiffs' Motion to Remand is more evidence of defendants' documents being presented for improper purposes and to harass the plaintiffs. Paragraphs 6 and 7 of that affidavit make criminal allegations against plaintiff, Mary Sackrider, based upon hearsay. Counsel knows that hearsay does not belong in such an affidavit, a Rule 11 violation. Those paragraphs should be striken. The hearsay allegations are in direct contradiction to the Land Court attachments to the same affidavit.

PLAINTIFFS,
By their attorney,

/s/ Gary S. Sackrider
Gary S. Sackrider (B.B.O. #437360)
100 Cummings Center, Suite 207P
Beverly, Massachusetts 01915
(978) 745-8850

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by mail on the attorney of record for each other party in this action on March 24, 2004.

/s/ Gary S. Sackrider
Gary S. Sackrider

United States District Court
District of Massachusetts

C.A. No. 04 CV 10406-MEL

Gary Sackrider and Mary Sackrider,
Plaintiffs )
)
)
v. )
)
Robert Gore, Robert Ford, Holly Langer, )
Joseph Hill, J. Steven Merriam, Jr., Ellen )
Nestervich, and Robert Stevens, as they are ) LOCAL RULE 7.1
the Members of the Boxford Planning Board, ) CERTIFICATE OF COMPLIANCE
Barbara Jessel, Charles Costello, Neil )
Olansky, Robert Was and Joseph Callahan, )
as they comprise the Board of Selectmen for )
the Town of Boxford, Defendants )
)

Now come the undersigned counsel for the plaintiffs and hereby certify that I conferred with counsels for the defendants in a good faith effort to resolve or narrow the issues set forth in Plaintiffs' Motion for Sanctions (1) by exchange of faxes dated March 1, 2004, (2) by exchange of faxes dated March 4 and 5, 2004, and (3) by telephone conference on March 23, 2004.

_____
Gary S. Sackrider (B.B.O. #437360)
100 Cummings Center, Suite 207P
Beverly, Massachusetts 01915
(978) 745-8850

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was mailed to the office of the attorney of record for each other party in this action on March 30, 2004.

_____
Gary S. Sackrider, Esq.