United States District Court
District of Massachusetts

C.A. No. 04 CV 10406 - MEL

| | | |
|---|---|---|
| Gary Sackrider and Mary Sackrider, Plaintiffs | ) ) ) | |
| v. | ) ) | |
| Robert Gore, Robert Ford, Holly Langer, Joseph Hill, J. Steven Merriam, Jr., Ellen Nestervich, and Robert Stevens, as they are the Members of the Boxford Planning Board, Barbara Jessel, Charles Costello, Neil Olansky, Robert Was and Joseph Callahan, as they comprise the Board of Selectmen for the Town of Boxford, Defendants | ) ) ) ) ) ) ) ) ) | **AFFIDAVIT OF GARY SACKRIDER** |

Now comes Gary S. Sackrider who hereby deposes and states under oath as follows:

1) I was the attorney for record for the plaintiffs in the Massachusetts Land Court case that is now before this court on removal. On January 29, 2004, I filed this action in Massachusetts Land Court. Service was perfected upon all defendants by February 4, 2004. On February 20, 2004, the defendants were served by mail with an amended complaint, interrogatories to seven defendants, a request for production of documents and a notice of deposition for the planning board administrator.

2) Regardless of the fact that the Land Court misplaced the original summons, the individual defendants still had their copies of the summons which were served on them as of February 4, 2004. Copies of those were not included in the Notice of

- 1 -

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN

EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

WILLIAM HEWIG III
JEANNE S. McKNIGHT

## KOPELMAN AND PAIGE, P. C.

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735

PITTSFIELD OFFICE
(413) 443-6100

NORTHAMPTON OFFICE
(413) 585-8632

WORCESTER OFFICE
(508) 752-0203

KATHLEEN M. O'DONNELL
SANDRA M. CHARTON
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GIORGIO
THOMAS W. McENANEY
KATHARINE GOREE DOYLE
GEORGE X. PUCCI
LAUREN F. GOLDBERG
JASON R. TALERMAN
JEFFREY A. HONIG
MICHELE E. RANDAZZO
GREGG J. CORBO
RICHARD T. HOLLAND
LISA C. ADAMS
ELIZABETH R. CORBO
MARCELINO LA BELLA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
LAURA H. PAWLE
TODD A. FRAMPTON
JACKIE COWIN
SARAH N. TURNER

March 1, 2004

BY FACSIMILE – (978) 352-9111

Gary S. Sackrider, Esq.
100 Cummings Center
Suite 207P
Beverly, MA 01915

Re:     Gary Sackrider, et al. v. Robert Gore, et al.
        (Town of Boxford Planning Board, Board of Selectmen)
        Land Court, Misc. No. 293332

Dear Mr. Sackrider:

I received your facsimile this morning. Your position that your complaint presents no claims "arising under the laws of the United States" is belied by both the language in the Amended Complaint and your refusal to delete such language. In the Complaint, you make clear allegations in your complaint that the defendants' actions "violate protections afforded to the plaintiffs under the 5th and 14th Amendments to the United States Constitution," (Amended Complaint, ¶24) in addition to numerous references to the actions of the defendants effecting a taking without just compensation and violating constitutional rights (Amended Complaint, ¶54, 59, 60, 65). As such allegations raise federal questions, I will be removing this case to the United States District Court today. If you do not believe the allegations raise a federal claim, your refusal to eliminate them to avoid the removal (which you do not seem to want) does not make sense.

I am also disappointed by the tone of your letter. I attempted to work cooperatively with you by telephoning you in advance of removal to the U.S. District Court to grant you an opportunity to eliminate language that gives rise to a federal question and instead focus on the state land use issues. Rather than appreciating such a courtesy, you have responded with baseless threats of sanctions. The law is very clear regarding the defendants' ability to remove a case to U.S. District Court when allegations of violations of the U.S. Constitution are made

KOPELMAN AND PAIGE, P.C.

Gary S. Sackrider, Esq.
March 1, 2004
Page 2

within a complaint, and your motion for sanctions would most likely be deemed frivolous by the U.S. District Court and afford me an opportunity to request attorneys' fees for the time spent opposing it. I would suggest you reconsider your position on this issue and the hostile tone of your letter.

You also stated in your facsimile that the removal is a "delay tactic to avoid discovery." Your accusation is actually misplaced, but did bring to my mind Local Rule 26.1(C), which requires that the number of discovery events shall be limited for each side to twenty-five (25) interrogatories. By my count, you have issued fifty-two (52) interrogatories, without even taking into account the numerous subparts in some of the interrogatories. Although I am not encouraged by my last attempt to work cooperatively with you, I will make one more attempt. I intend to file a Partial Motion to Dismiss the federal allegations in your Amended Complaint for failure to state a claim upon which relief may be granted. If the Motion is allowed, the Court will remand the Amended Complaint for lack of subject-matter jurisdiction and Local Rule 26.1(C) will no longer apply. I suggest, to simplify matters, that we agree in writing to stay discovery until the Motion to Dismiss is resolved. Otherwise, I will have to file a Motion for a Protective Order on the grounds that the interrogatories issued violates Local Rule 26.1(C).

I hope we can resolve or narrow these issues in good faith. I look forward to hearing from you.

Very truly yours,

Katharine Goree Doyle

KGD/cmt
cc:    Board of Selectmen
       Planning Board
214852/BOXF/0057

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 MAR -1  A 11: 57

U.S. DISTRICT COURT
DISTRICT OF MASS

C.A. NO._____

GARY SACKRIDER and MARY
SACKRIDER,

     Plaintiffs

v.

ROBERT GORE, ROBERT FORD, HOLLY
LANGER, JOSEPH HILL, J. STEVEN
MERRIAM, JR., ELLEN NESTERVICH, and
ROBERT STEVENS, as they are the Members
of the Boxford Planning Board, BARBARA
JESSEL, CHARLES COSTELLO, NEIL
OLANSKY, ROBERT WAS and JOSEPH
CALLAHAN, as they comprise the Board of
Selectmen for the TOWN OF BOXFORD,

    Defendants

# 04  10406 MEL

NOTICE OF REMOVAL



Now come the defendants pursuant to the provisions of 28 U.S.C. §§1441 and 1446, and hereby file notice of the removal of this action from the Land Court of the Commonwealth of Massachusetts, County of Essex, where it is currently pending, based upon the following grounds:

1.     This is an action in which the plaintiffs allege violations of their civil rights under the Fifth and Fourteenth Amendment to the U.S. Constitution and parallel provisions of the Massachsuetts Declaration of Rights (and seek relief presumably pursuant to 42 U.S.C. §1983, G.L.c.12 §11H and I, although they do not specifically plead so) (Count I, V, VI). See Amended Complaint, ¶24, 32(e), 54, 59, 65, 70 affixed hereto and incorporated by reference. The plaintiff also asserts state law claims: an appeal pursuant to G.L. c.41 §81BB (Count I); an appeal of

rescissions of an alleged constructive approval of a subdivision plan (Counts II, III); a request for declaratory judgment challenging the conditions the plaintiffs feel were imposed by the alleged constructive approval of the subdivision plan (Count IV); a challenge to Section 196-24K of the Boxford Zoning Bylaws pursuant to G.L. c.240 §14A and G.L. c.231A §1 (Count VII); a request for declaratory judgment seeking an order barring the Planning Board from enforcing a section of the Subdivision Rules and Regulations due to an alleged conflict of interest (Count VIII); and a request for declaratory judgment seeking constructive approval of the plaintiff's application under the Scenic Roads Act (Count IX).

    2.    This Court has jurisdiction over the plaintiff's constitutional claims pursuant to 28 U.S.C. §1441.

    3.    This Removal is timely, as this action was first served on the defendant on January 29, 2004.

    4.    All defendants have consented to the removal of the matter to the United States District Court for the District of Massachusetts.

SIGNED PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

DEFENDANTS,

By their attorneys,

Joel B. Bard (BBO# 029140)
Katharine Goree Doyle (BBO# 634131)
Kopelman and Paige, P.C.
  Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

214825/Boxf/0057

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on 3/1/04
K. Doyle

(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS
Gary Sackrider
Mary Sackrider

## DEFENDANTS
Robert Gore, Robert Ford, Holly Langer, Joseph Hill, J. Steven Merriam, Ellen Nestervich, Robert Stevens, Barbara Jessel, Charles Costello, Neil Olansky, Robert Was, Joseph Callahan

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Essex
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

04 10406 MEL

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Gary S. Sackrider, Esq.
100 Cummings Center, Suite 207P
Beverly, MA  01915
(978) 745-8850

ATTORNEYS (IF KNOWN)
Joel B. Bard, Esq.
Katharine Goree Doyle, Esq.
Kopelman and Paige, P.C., 31 St. James Avenue
Boston, MA 02116  (617) 556-0007

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Plaintiffs claim the defendants violated their rights under the Fifth and Fourteenth Amendment to the U.S. Constitution.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ YES    ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE    Land Court    DOCKET NUMBER    296356

DATE  3/1/04

SIGNATURE OF ATTORNEY OF RECORD    Katharine Doyle

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN

EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

WILLIAM HEWIG III
JEANNE S. McKNIGHT

KOPELMAN AND PAIGE, P. C.

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735

PITTSFIELD OFFICE
(413) 443-6100

NORTHAMPTON OFFICE
(413) 585-8632

WORCESTER OFFICE
(508) 752-0203

KATHLEEN M. O'DONNELL
SANDRA M. CHARTON
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GIORGIO
THOMAS W. MCENANEY
KATHARINE GOREE DOYLE
GEORGE X. PUCCI
LAUREN F. GOLDBERG
JASON R. TALERMAN
JEFFREY A. HONIG
MICHELE E. RANDAZZO
GREGG J. CORBO
RICHARD T. HOLLAND
LISA C. ADAMS
ELIZABETH R. CORBO
MARCELINO LA BELLA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
LAURA H. PAWLE
TODD A. FRAMPTON
JACKIE COWIN
SARAH N. TURNER

March 4, 2004

BY FACSIMILE – (978) 352-9111

Gary S. Sackrider, Esq.
100 Cummings Center
Suite 207P
Beverly, MA 01915

Re:     Gary Sackrider, et al. v. Robert Gore, et al.
        (Town of Boxford Planning Board, Board of Selectmen)
        Land Court, Misc. No. 293332

Dear Mr. Sackrider:

        I am writing to you pursuant to Local Rule 7.1 and 37.1 to confer regarding the following motions:  (1) Defendants' Motion to Enlarge Time to File a Response to the Amended Complaint; (2) Defendants' Partial Motion to Dismiss; (3) Defendants' Motion for a Protective Order.

        We are seeking an enlargement of time to file a Response to the Amended Complaint until March 19, 2004, as I am about to depart for maternity leave and Attorney Joel Bard is out of the state until March 11, 2004.  I intend to file this motion by the end of business today.

        In the Defendants' Partial Motion to Dismiss, we will be seeking to dismiss all allegations that the defendants' actions violate the U.S. Constitution.  Specifically, the Amended Complaint repeatedly makes claims that the defendants' actions constitute a taking without just compensation.  Such a claim is not ripe under the Fifth Amendment until an action under G.L. c.79 has not only been initiated, but completed.  Williamson County Regional Planning Commission v. Hamilton Bank, 473 U.S. 172, 194 n. 13 (1985); Gilbert v. City of Cambridge, 932 F.2d 51, 63 (1st Cir.), cert. denied 502 U.S. 866 (1991); Marietta Realty, Inc. v. Springfield Redevelopment Authority, 902 F.Supp. 310, 313 (D.Mass. 1995).  In addition, the Amended Complaint asserts that the plaintiffs have been deprived of the right to due process when the

KOPELMAN AND PAIGE, P.C.

Gary S. Sackrider, Esq.
March 4, 2004
Page 2

Planning Board refused to waive certain conditions to an alleged constructive approval. The Amended Complaint also claims that Sections 300-7 and 11E of the Boxford Subdivision Rules and Regulations deprive the plaintiffs of due process. First, as a matter of law, a plaintiff has no due process rights in a license, permit or waiver unless he can show a legitimate entitlement to same. Chongris v. Board of Appeals of Andover, 811 F.2d 36, 43-44 (1st Cir.1987). Where an agency has discretion to grant such license, permit or waiver, the plaintiff has no legitimate entitlement to the relief, and therefore no due process right in the failure to grant it. Board of Regents v. Roth, 408 U.S. 564, 577 (1972). Furthermore, any procedural due process claim is barred by the availability of state post-deprivation remedies, which are not only available here, but have in fact been initiated. Chiara v. Dizoglio, 248 F.3d 1126, (1st Cir. 2001). Finally, a complaint pleads a substantive due process violation by a local administrative agency only if the facts alleged are "shocking or violative of universal standards of decency." Amsden v. Moran, 904 F.2d 748, 757 (1st Cir.1990). If you review the caselaw in this area, you will find that the Planning Board's refusal to grant waivers to conditions of an alleged constructive subdivision approval does not meet this standard. Finally, the courts have discouraged broad challenges to regulations under the rubric of substantive due process. South County Sand & Gravel Co., Inc. v. Town of South Kingstown, 160 F.3d 834 (1st Cir. 1998). The burden for plaintiffs in this area is a difficult one to meet, and the provisions of Sections 300-7 and 11E simply do not arise to a violation of substantive due process rights. I intend to file this motion together with the Answer to the Amended Complaint. As I stated in my previous letter, if you wish to eliminate the language establishing the federal claims prior to that time, please advise me so.

Finally, as I previously stated in my last letter, the interrogatories issued violate Local Rule 26.1(C). As I stated in my previous letter, I am happy to agree to stay discovery until the Partial Motion to Dismiss is decided by the Court, as a ruling in our favor would eradicate any basis for federal jurisdiction and prompt a remand back to the Land Court, where the restrictions of Local Rule 26.1(C). If you will agree to stay discovery, please advise me so before the end of business on Friday, March 5, 2004, or 1 will file the Motion for a Protective Order.

If you wish to further discuss the aforementioned motions, please contact me. Otherwise I will file them on or about the dates identified. I hope we can resolve or narrow these issues in good faith. I look forward to hearing from you.

Very truly yours,

Katharine Goree Doyle

KGD/cmt
cc:     Board of Selectmen
        Planning Board
215264/BOXF/0057

# Gary S. Sackrider

**Attorney at Law**
100 Cummings Center
Suite 207P
Beverly, Massachusetts 01915

————

Tel: (978) 745-8850

✳✳✳✳✳✳✳✳✳  F A C S I M I L E  ✳✳✳✳✳✳✳✳✳

March 5, 2004                                    Page 1 of 2

TO:        Katharine Goree Doyle
FAX NO.    617-654-1735

RE:        Sackrider v. Gore

Dear Attorney Doyle:

I was preoccupied with legal research and brief writing yesterday and did not get a chance to read your fax of 11:30 A.M. until 6:00 P.M. I am surprised that a 5.5 hour notice fax constitutes a good faith effort to resolve or narrow the issues under Local Rule 7.1. If you think that is appropriate, I will use the same time frame in the future with my dealings with you.

I do not have a problem with extending the time for you to answer the amended complaint until March 19th.

As for your Partial Motion to Dismiss, in thirty years of practice I have never seen part of a count dismissed. That seems to be what you are looking for. I have not sued the defendants for civil rights violations. No civil rights remedies were sought. The case was filed in a court that lacks civil rights jurisdiction. You are the one trying to turn this into a civil rights suit, not me. Even you contend that the counts fail to state a civil rights claim. In case you have not noticed, M.G.L. c. 41, sec. 81Q prohibits subdivision rules and regulations from taking private property for a public purpose without compensation. Violations of civil rights did occur. However, no suit has been brought for that (yet). When and if that happens, it will be in a new suit. The federal rights violations are only incidental to this suit. As you point out, the civil rights claim is not yet ripe.

This is a case about subdivision of land under state law. State law and issues arising out of state law substantially predominate in the amended complaint. Federal law does not create the plaintiffs' causes of action nor do the plaintiffs' rights to relief depend solely on substantial questions of federal law. As

such, the federal court lacks original jurisdiction under 28 U.S.C. §1331 and I intend to have this matter remanded on that basis and any other I may think of. By law, any remand motion must be heard before your Motion to Dismiss. Although past violations of due process are alleged in the complaint, no remedy for those past wrong doings is sought. The remedy sought is to prevent future violations through the process of declaratory judgment. The future violations are at issue because the Land Court appeal, at some point, will likely be remanded back to the planning board for further action not inconsistent with the court's findings. The rights violations have limited relevance and I will not remove them.

As for discovery, I was of the impression that Federal Rules prohibit most discovery at this stage. Why would I have been accusing you of trying to avoid discovery by your removal if I thought I could still get the discovery? Obviously, I have no choice but to stay discovery until whichever happens first, the court grants my Motion to Remand or the court acts upon your Partial Motion to Dismiss. If I have to remain in federal court, I would want to change my interrogatories.

Yours truly,

Gary S. Sackrider

P.S.    On Tuesday I mailed you a Motion for Sanctions and Affidavit. I forgot to also fax a copy to you, so here it is now.