UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 04-10406-MEL

| | |
|---|---|
| GARY SACKRIDER and MARY SACKRIDER,<br><br>    Plaintiffs<br><br>v.<br><br>ROBERT GORE, ROBERT FORD, HOLLY LANGER, JOSEPH HILL, J. STEVEN MERRIAM, JR., ELLEN NESTERVICH, and ROBERT STEVENS, as they are the Members of the Boxford Planning Board, BARBARA JESSEL, CHARLES COSTELLO, NEIL OLANSKY, ROBERT WAS and JOSEPH CALLAHAN, as they comprise the Board of Selectmen for the TOWN OF BOXFORD,<br><br>    Defendants | DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS |

    The plaintiffs have filed a motion seeking sanctions against defendants' counsel for the mere act of removing the above-captioned matter to U.S. District Court on the basis that plaintiffs state in their complaint that the defendants have violated the Fifth and Fourteenth Amendment. Amended Complaint, ¶24, 65. The plaintiffs assert that they did not intend to state a federal claim by inserting such language into their Amended Complaint. Nonetheless, when counsel for the defendants informed counsel for the plaintiffs (Attorney Gary Sackrider is acting as counsel for himself and his co-plaintiff, Mary Sackrider) that she intended to remove the case to U.S. District Court on the basis of the claims of violations of the U.S. Constitution, in order to provide him with an opportunity to remove such language and remain in state Land Court, he refused to do so. See Exhibit A, March 1, 2004 Letter to Katharine Doyle, Esq. from Gary

Sackrider, Esq. As the time for removal is limited to thirty (30) days pursuant to 28 U.S.C. §1446, counsel for the defendants felt compelled to remove the Amended Complaint to U.S. District Court out of concern that counsel for the plaintiffs may later decide that the Amended Complaint did, in fact, assert violations of the plaintiffs' constitutional rights and the defendants would be precluded at that time from removing the Amended Complaint to U.S. District Court.

The motion for santions is not anchored in good faith and instead appears to be attempt to drive up the costs of the litigation to the Town. Plaintiffs' counsel's argument that the removal is frivolous is belied by his refusal to remove the language from the Amended Complaint that forms the basis for removal. If the plaintiffs do not intend to pursue claims of violations of their rights under the Fifth and Fourteenth Amendments of the U.S. Constitution, they surely would have been willing to remove the language to keep the litigation in Land Court, which they apparently prefer.

Plaintiffs' counsel has not adequately supported his motion for sanctions, and his conduct contradicts his own arguments. The defendants respectfully request that the Court deny the motion for sanctions and award the defendants the attorneys' fees expended in opposing the motion.

## ARGUMENT

Fed.R.Civ.P Rule 11 attempts to deter abusive litigation tactics and frivolous claims by imposing sanctions on attorneys. See Fed.R.Civ.P. Rule 11(c). Rule 11 permits a court to impose sanctions on a party or lawyer for advocating a frivolous position, pursuing an unfounded claim, or filing a lawsuit for some improper purpose. See Fed.R.Civ.P. 11(b); see also Lichtenstein v. Consolidated Services Group, Inc., 173 F.3d 17, 22 (1st Cir. 1999). Rule 11 mandates that an attorney who signs a pleading make a reasonable inquiry to insure that the

claims are well grounded in fact and existing law. Cullen v. Darvin, 132 B.R. 211, 215 (D.Mass. 1991)(interpreting Fed.R.Civ.P. Rule 11); citing Lancellotti v. Fay, 909 F.2d 15 (1st Cir. 1990). Rule 11 also imposes upon attorneys a duty to ensure that the proceedings do not continue without a reasonable basis in law and fact. Cruz, 896 F.2d at 630. Thus, "Rule 11 'continues to require litigants to 'stop-and-think' before initially making legal or factual contentions.'" Tandem Computers, 158 F.R.D. at 227. An attorney's conduct under Rule 11 is measured by a standard of objective reasonableness under the circumstances. Cruz, 896 F.2d at 631.

In sum, Rule 11 calls for the imposition of sanctions on a party "for making arguments or filing claims that are frivolous, legally unreasonable, without factual foundation, or asserted for an 'improper purpose.'" Salois v. Dime Sav. Bank of New York, FSB, 128 F.3d 20, 28 (1st Cir. 1997). The plaintiffs have failed to satisfy this standard, as the bases for the defendants' removal are clear from the face of the Amended Complaint:

Indeed, federal courts have repeatedly upheld the removal of state law actions to federal courts, where the plaintiffs' self-described "state law" claims contain allegations of violations of the U.S. Constitution. See, e.g., City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 159-74, (1997) (affirming removal of state suit containing claims under state administrative-review law that local administrative action violated the United States Constitution); Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 195-202 (1921) (where plaintiff brought state suit to enjoin company from investing in federal farm-loan bonds on the ground that the congressional act authorizing the bonds was unconstitutional, affirming federal jurisdiction); see also Patterson v. Omnipoint Communications, Inc., 122 F.Supp.2d 222, 224 n.1 (D.Mass. 2000) (finding federal jurisdiction is proper under federal Telecommunications Act of 1996 even though Plaintiffs assert violations of state, not federal law, regarding telecommunications facility).

As plaintiffs' counsel has failed to support his motion for sanctions and the circumstances surrounding the motion indicate that it was filed merely to punish the defendants for exercising their rights under 28 U.S.C. §1441 and to drive up the litigation costs of removing the matter to U.S. District Court, the Court should not condone the conduct of plaintiffs' counsel and should not only deny the motion but award the defendants attorneys' fees expended in opposing this vexatious, baseless motion.

WHEREFORE, the defendants respectfully request that the Court deny the plaintiffs' motion for sanctions and award the defendants the reasonable attorneys' fees expended in opposing the motion.

DEFENDANTS,

By their attorneys,

/s/ Joel B. Bard
Joel B. Bard (BBO# 029140)
George X. Pucci (BBO# 555346)
Kopelman and Paige, P.C.
Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

215398/Boxf/0057

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on 3/19/04

/s/ Joel B. Bard

4

EXHIBIT A

# Gary S. Sackrider
Attorney at Law
100 Cummings Center
Suite 207P
Beverly, Massachusetts 01915

Tel: (978) 745-8850

\*\*\*\*\*\*\*\*\*\*  F A C S I M I L E  \*\*\*\*\*\*\*\*\*\*

March 1, 2004                                                                 Page 1 of 1

TO:          Katharine Goree Doyle
FAX NO.      617-654-1735

RE:          Sackrider v. Gore

Dear Attorney Doyle:

    I received your message indicating an intent on your part to transfer the case to federal court, unless I change some of the wording in my amended complaint. Frankly, with or without the wording, I do not see any federal court jurisdiction. This really strikes me as more of a delay tactic to avoid discovery.

    As the complaint reveals, this is a case about subdivision of land under state law. It seeks to establish (1) constructive approval has been acquired and is still valid, (2) certain conditions coming with that approval are void under state law and (3) when this case is remanded back to the planning board by the Land Court, certain practices and rules will not be applied against the petitioners. No other remedy is sought. The fact that the complaint references the 5th and 14th amendments or that some federal rights have limited relevance does not, by itself, turn this case into one "arising under" the laws of the United States. Accordingly, I do not intend to delete references to the 5th and 14th amendments from the amended complaint.

    Furthermore, there is no need for me to further clarify what is stated in the complaint, since the standard for review for jurisdictional purposes will look only to the wording of the amended complaint. If you want to try to go to federal court, then we should just stick to the wording of the amended complaint.

    Again, this case does not fall under the original jurisdiction of the federal court. Any removal on your part to the federal court would therefore be improper. If you choose that action anyway, I will respond with a motion to remand and seek sanctions as provided for by federal statute.

Yours truly,

Gary S. Sackrider