United States District Court
District of Massachusetts

C.A. No. 04 CV 10406

Gary Sackrider and Mary Sackrider,  )
Plaintiffs                           )
                                     )
    v.                               )
                                     )                PLAINTIFFS'
Robert Gore, Robert Ford, Holly Langer, )          OPPOSITION TO MOTION
Joseph Hill, J. Steven Merriam, Jr., Ellen )         OF REBECCA J. POTTS
Nestervich, and Robert Stevens, as they are )         TO BE ADDED AS A
the Members of the Boxford Planning Board, )          PARTY DEFENDANT
Barbara Jessel, Charles Costello, Neil )
Olansky, Robert Was and Joseph Callahan, )
as they comprise the Board of Selectmen for )
the Town of Boxford, Defendants      )

      The plaintiffs have been served with a copy of a letter dated March 29, 2004, signed by Rebecca J. Potts, addressed to the Clerk, U.S. District Court, copy attached. Taken in a light most favorable to Ms. Potts, this would seem to be an attempt to intervene under F.R.C.P. 24. Ms. Potts is not an attorney. Therefore, she cannot appear on behalf of anyone other than herself. Ms. Potts shares no common interest with the plaintiffs and expresses her opposition to the plaintiffs. Therefore, it appears that she seeks to be added as a party defendant. The plaintiffs oppose Ms. Potts' motion to be added as a party defendant for the reasons stated below.

      Ms. Potts has failed to comply with the procedural requirements of F.R.C.P. 24(c). There was no formal motion and the March 29th letter was not "accompanied

- 1 -

by a pleading setting forth the claim or defense for which intervention is sought."

Ms. Potts' application is not timely, as is required by both F.R.C.P. 24(a) & (b). Counts 1 through 3 are all subdivision appeals brought under M.G.L. c. 41, §81BB. That statute prescribes a <u>strict</u> appeal process and requires all appeals to be filed within 20 days of the filing of the decision with the town clerk or within 20 days of the grant of a constructive approval (G.L. c. 40, §81BB). To allow Ms. Potts to intervene after the 20 day period, would act to circumvent the non-waivable appeal period.

The filing with the town clerk for Count 2 occurred on January 22, 2004 (¶27) and for Count 3 on February 11, 2004, (¶37). Only an "aggrieved person" has standing to appeal under §81BB. <u>Rattner v. Planning Board of West Tisbury</u>, 45 Mass. App. Ct. 8, 695 N.E.2d 669 (1998). Ms. Potts certainly could not be an "aggrieved person" of the two attempted recessions filed January 22, 2004 and February 12, 2004 since it was not her subdivision which was the subject matter of the attempted revocation. She was only an abutter. She had no rights which were negatively impacted by that recession vote. Since she was not "aggrieved" and since she did not act in a timely manner, she cannot intervene in those counts now.

At best, Ms. Potts might have been an "aggrieved person" of the January 16, 2004 constructive subdivision approval (Count 1, ¶15, 21). However, she has not alleged that she is an "aggrieved person" (a statutory requirement) and the time for her to file an appeal (within 20 days) expired during the first week of February, 2004. She is about two months late. Had she acted within the 20 day period, perhaps she could have established standing to be a party. However, she did not do that, even

though she was represented by counsel, Nathaniel Stevens, as of January 21, 2004, as evidenced by a letter that he filed with the Boxford Planning Board at their January 21, 2004 hearing. The 20 day appeal period is not waivable. Ms. Potts' application to intervene at this time is not timely under G.L. c. 40, §81BB. That makes it untimely under F.R.C.P. 24(a) & (b).

If that weren't enough, Ms. Potts fails to show in her March 29th letter that she has any legitimate grounds to intervene. She states that she has certain concerns. She then affirms that those concerns are included in the 30 reasons given by the planning board to deny the Sackrider subdivision. There is nothing in the record to suggest that Town Counsel will not be protecting the same interests as are the interests of Ms. Potts. Ms. Potts has not stated otherwise. There is nothing to suggest that her interests differ from that of the Town of Boxford. Ms. Potts states that she wants to be added as a party because the "abutters would like to be kept aware of the court proceedings." Wanting to be kept informed is not a valid criteria to be added as a party. There is nothing in her request that indicates that Town Counsel has refused to provide her copies of the court filings or that the U.S. District Court Clerk has refused to allow public access to the court file. Certainly either of those alternatives is a less intrusive way to be kept informed.

Counts 4 through 9 of the Second Amended Complaint are declaratory judgment counts where the plaintiffs challenge the type of reasons that can be given to deny any subdivision (Count 4), the validity of certain planning board regulations (Counts 5, 6 & 8), one zoning by-law (Count 7) and whether the plaintiffs have been approved by default in regard to the state Scenic Road Act (Count 9). These are

matters between the plaintiffs and the town (defendants). Ms. Potts has no more of a vested interest in the outcome of those matters than any other resident of the Town of Boxford. Under G.L. C. 231A, to have standing, there must be an actual controversy. Here the controversy is between the current plaintiffs and the town (defendants) pertaining to town rules, regulations and by-laws. Ms. Potts is not part of that controversy. Therefore, she lacks standing for the c. 231A declaratory judgment counts.

Ms. Potts lacks standing to be a party. She cannot be allowed to circumvent the 20 day appeal rule by intervening after the deadline to appeal past. Therefore, for these and the other reasons stated herein, her request to be added as a party defendant should be denied with prejudice.

        Respectfully submitted,
        PLAINTIFFS,
        By their attorney,

        */s/ Gary S. Sackrider*
        Gary S. Sackrider (B.B.O. #437360)
        100 Cummings Center, Suite 207P
        Beverly, Massachusetts 01915
        (978) 745-8850

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by mail on the attorney of record for each other party in this action, including Ms. Potts, on April 5, 2004.

        */s/ Gary S. Sackrider*
        Gary S. Sackrider, Esq.

Clerk  
U.S. District Court  
District of Massachusetts  
U.S. Courthouse  
1 Courthouse Way, Suite 2300  
Boston, MA 02210

March 29, 2004

Re: Sackrider, et. al. v. Robert Gore, et. al.  
(Town of Boxford Planning Board, Board of Selectman)  
U.S.D.C., C.A. No. 04-10406-MEL

---

Dear Sir,

This letter serves to file a motion that I, Rebecca J. Potts, a Sackrider abutter, be made an "Interested Party" in the above mentioned case. Throughout the Boxford Planning Board hearing process, a group of nine abutters had appointed me to gather and disseminate information back to them. They would like me to continue this task as the case goes before the U.S. District Court.

The abutter group has serious concerns regarding groundwater and flooding issues, wetland impact and septic system design, as well as potential tree damage and trespass to properties adjacent to the proposed roadway. These reasons, among others, were cited by the Boxford Planning Board in the 30 point denial of the Sackrider subdivision at the January 21, 2004 meeting.

Because there are potentially serious consequences to numerous properties from this proposed subdivision, we as abutters would like to be kept aware of the court proceedings. Thank you for your consideration in this matter.

Sincerely,

Rebecca J. Potts  
113 Valley Road  
Boxford, MA. 01921  
978-352-5003

cc: Joel B. Bard, Kopelman and Paige, P.C.  
Gary S. Sackrider, Esq.