United States District Court
District of Massachusetts

C.A. No. 04 CV 10406

| | | |
|---|---|---|
| Gary Sackrider and Mary Sackrider, Plaintiffs | ) ) ) ) | |
| v. | ) ) | PLAINTIFFS' OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS |
| Robert Gore, Robert Ford, Holly Langer, Joseph Hill, J. Steven Merriam, Jr., Ellen Nesterivch, and Robert Stevens, as they are the Members of the Boxford Planning Board, Barbara Jessel, Charles Costello, Neil Olansky, Robert Was and Joseph Callahan, as they comprise the Board of Selectmen for the Town of Boxford, Defendants | ) ) ) ) ) ) ) ) | |

The defendants' Partial Motion to Dismiss is in fact only a 12(b)(1) motion, which the defendants seek to partially disguise as a 12(b)(6) motion for purposes of obtaining collateral estoppel on certain principles that have protection at both the state and federal level. The defendants have not asserted that any count in the Second Amended Complaint fails to state a claim under state law. As a 12(b)(1) motion, it flies in the face of their own Notice of Removal made only 25 days prior. It is inescapable that either the defendants' Notice of Removal or this Partial Motion to Dismiss for lack of subject matter jurisdiction is frivolous.

There is a distinction between whether a count states a claim under federal

law and whether the federal court has jurisdiction to hear that claim. Likewise, there is a distinction between the federal right that private land shall not be taken for public purposes without just compensation and the concept or principle that private land shall not be taken for public purposes without just compensation, as otherwise protected by state law. Those distinctions are key elements to consider in acting upon (or not acting upon) the defendants' motion to dismiss.

**This case must be Remanded without action on the Partial Motion to Dismiss.**

Because of what is stated in the defendants' Partial Motion to Dismiss and their memorandum, this court should take no action on the defendants' motion to dismiss, but instead, should remand this case back to the Massachusetts Land Court from whence it came. In the recently decided case of Mills v. Harmon Law Offices, PC, 344 F.3d 42 (2003), the First Circuit Court of Appeals stated, the language of 28 U.S.C. §1447(c)

> unambiguously precludes federal courts from reaching the merits of a removed case when it lacks subject matter jurisdiction over the dispute. We have historically construed this passage strictly. (at 45)

The court went on to cite:

> Smith v. Wis. Dep't of Agric Trade and Consumer Prot., 23 F.3d 1134, 1139 n. 10 (7th Cir. 1994) ("[T]he point of section 1447(c) is that a federal court does not have the authority to dismiss a claim over which it never had jurisdiction in the first instance. The merits of the . . . claim are therefore irrelevant to this determination."); see also Christopher v. Stanley-Bostitch, Inc., 240 F.3d 100 (1st Cir. 2001) ("When a federal court concludes that it lacks subject matter jurisdiction over a case, it is precluded from rendering any judgments on the merits of the case."). (at 45)

The court also said, "the plain directive in 1447(c) [is] that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the

<u>case shall be remanded</u>" (at 46) (emphasis added). Such an order remanding the case may require payment of costs and attorney's fees. (at 45)

Merely by bringing their Partial Motion to Dismiss, the defendants have impliedly stated there is no jurisdiction to act on that motion. Even if this court has already denied plaintiffs' Motion to Remand, we now have a change in circumstances where the defendants have reversed their position from that stated <u>one week prior</u> in their opposition to plaintiffs' Motion to Remand. Now the defendants openly state, as part of their Partial Motion to Dismiss and memorandum, that this court lacks subject matter jurisdiction. <u>Mills v. Harmon Law Offices, PC,</u> Id. provides, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." (at 46)  The defendants are bound by their statements.

The defendants have taken the highly questionable action of removing this case from the state court by alleging there was federal jurisdiction and then 25 days later filing a partial motion to dismiss (as opposed to a motion to remand) based upon the lack of federal jurisdiction. The plaintiffs assume that this is being done as some sort of "slight of hand" trick. The presumed scheme is that the defendants are seeking a declaration from this court that the case fails to state a federal claim (<u>right</u>) under 12(b)(6) that private land is being taken for a public purpose. The defendants would then take that decision back to Land Court after remand and use it there as collateral estoppel (a decision on the merits) to preclude the plaintiffs from using the <u>principle</u> that private land cannot be taken for a public purpose without just compensation, as otherwise protected by the Massachusetts Declaration of Rights and also by the state

subdivision control laws. To make this insidious plan viable, the defendants have to disguise the 12(b)(1) motion as a 12(b)(6) motion, because a dismissal under 12(b)(1) is not on the merits. In fact, the preclusion scheme may be even broader than that. Note, the defendants' Partial Motion to Dismiss asks this court to dismiss all claims that the defendants violated the plaintiffs' rights under the United States Constitution. If the motion was allowed on that basis, the defendants' would probably later argue, in a different court at a different time, that the dismissal included civil rights and equal protection claims. The principles sets forth in Mills v. Harmon Law Offices, PC, Id. forbid this sort of manipulation and waste of federal court time.

In short, this case was removed by the defendants under 28 U.S.C. §1446. Regardless of the status of plaintiffs' Motion to Remand, the defendants are now bound by their statements that this court lacks federal subject matter jurisdiction. The court has no alternative but to remand the case and not act on the motion to dismiss. Furthermore, the court should award the plaintiffs attorney's fees for the extensive time spent on removal, remand and partial motion to dismiss matters, which never would have been necessary, but for, the improper removal.

**Failure to comply with F.R.C.P. 12(b)**

F.R.C.P. 12(b) requires that any motion brought under 12(b)(1) or (6) "shall be made before pleading if a further pleading is permitted." (emphasis added) As the court can see by the attached filing letter of defendants' counsel, the answer and motion were filed together. The letter actually presents the answer first. The Partial Motion to Dismiss was not filed before the answer. Accordingly, the defendants have waived their right to bring this motion and this court lacks authority to act

- 4 -

upon that motion. See Skrtich v. Thornton, 267 F.3d 1251 (11th Cir. 2001).

**Stating a claim under 12(b)(6),**

**but lacking federal subject matter jurisdiction under 12(b)(1)**

The nine counts of plaintiffs' Second Amended Complaint each state a cause of action upon which relief can be granted in accordance with Massachusetts state law. The defendants do not contend otherwise. Within several of those counts the issue of taking private land for public purposes without compensation has been raised. Clearly this is a right protected by the 5th Amendment to the United States Constitution which states,

> No person shall . . . be deprived of life, liberty or property without due process of law, nor shall private property be taken for pubic use without just compensation . . . ."

This is made applicable to the states by the 14th Amendment to the United States Constitution. The plaintiffs' right to the remedies they seek in some instances depend upon the principle that private land shall not be taken for a public purpose without just compensation. However, in this case the 5th and 14th Amendments are not the sole source of that principle. M.G.L. c. 41, §81Q, states:

> No rule or regulation shall require and no planning board shall impose, as a condition for the approval of a plan, that any of the land with said subdivision be dedicated to the public use . . . for the use as a public way, . . . or for any other public purpose, without just compensation to the owner thereof.

Article I of the Massachusetts Declaration of Rights protects unalienable rights including the protection of property. Article X of the Massachusetts Declaration of Rights provides that "no part of the property of any individual can, with justice, be taken from him, or applied to public uses, without his own consent, or that of the

representative body of the people."

Therefore, although parts of the second amended complaint rely upon the principle that private land shall not be taken for a public purpose without just compensation, relief is not solely dependent upon the right provided by the 5th and 14th Amendments.  This distinction is important, because if the plaintiffs' right to relief is not dependent upon a substantial question of federal law, then this court lacks jurisdiction to hear the case.  See The Holmes Group., Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826 (2002) 13 Fed. Appx. 961, vacated and remanded.  "The existence of any subject matter jurisdiction defect divests the court of authority to dismiss a removed case on its merits, [FN2] regardless of whether the jurisdictional flaw results from an improper removal or arises from some other source, . . . ." Mills v. Harmon Law Offices, PC, Id. 46.

The allegations of the Second Amended Complaint speak for themselves. There is no need to repeat them here.  Nor is there any reason for this court to be limited by the defendants' "spin" on what is stated in the Second Amended Complaint.  The defendants were advised by the plaintiffs' remand brief served on March 10, 2004, as to what issues the amended complaint sought to raise.  Despite that, 16 days later, they filed their Partial Motion to Dismiss brief totally re-characterizing the issues.  The issue here is whether the counts state causes of action upon which relief can be granted, not whether they state alternative causes of actions assigned to them by the defendants.  Keep in mind, the plaintiffs filed this action in state court.  It was removed by the defendants claiming the existence of federal jurisdiction.

The defendants' memorandum seems to focus on federal rights issues where the plaintiffs seek no relief. The memorandum ignores those federal rights issues where relief is sought. Then, the defendants request a ruling on **all** federal right issues protected by the United States Constitution. Their request incorrectly presumes that the plaintiffs have pleaded all possible federal rights issues. The plaintiffs may have civil rights and equal protection claims against the defendants. However, the plaintiffs have chosen not to include them as part of the complaint. This is further evidenced by the fact that the plaintiffs originally filed this action in a court that lacked civil rights jurisdiction (Land Court). Civil rights and equal protection issues are therefore not before this court.

This Second Amended Complaint does speak to mistreatment and abuse of the plaintiffs by the defendant members of the planning board. However, it does not assert specific violations of equal protection of the laws. It does not seek civil rights remedies. It does not seek financial remedies for violations of due process. This is a case about subdivision of land under state law and local regulations.

Although past violations of due process rights are alleged in the complaint, no remedy for those past wrong doings is sought. The remedy sought is to prevent future violations through the process of declaratory judgment. The future violations are at issue because the Land Court appeal, at some point, will likely be remanded back to the planning board for further action not inconsistent with the court's finding.

As for the non-declaratory judgment counts 1, 2, and 3, the determination of whether the plaintiffs' due process rights were violated by the planning board during

the hearing process is not even before the court because all such hearings are <u>de novo</u> under M.G.L. c. 41, §81BB.  The standard for review is whether the plaintiffs' subdivision application complies with reasonably adopted local subdivision rules and regulations and with the recommendations of the local board of health.  <u>MP Corporation v. Planning Board of Leominster</u>, 27 Mass. App. Ct. 812 (1989).

There is no allegation or request for relief seeking monetary compensation for a regulatory taking in any count.  The relief sought in counts 5, 6, 7 & 8 is to declare certain planning board regulations and one zoning by-law invalid.  The no waiver issue (Count 5, ¶57) is not a due process issue.  The issue is that the adoption of a "no waiver" policy by the defendants is inconsistent with the state subdivision control laws.  In count 6 the plaintiffs do ask for the return of their own $5,000.  However, this is not compensation; this is a refund.  Count 6 does raise due process issues.  That will be addressed below.

There is one issue in <u>Count 1</u> that relates to the federally protected right that no private property shall not be taken for a public purpose without just compensation.  That issue relates to the requirement that the defendants demanded, as a condition for subdivision approval, the plaintiffs provide a 20,000 gallon water tank for <u>public</u> fire protection purposes (¶17a).  The tank is to be buried within the plaintiffs' 2 lot subdivision at a cost to be born by the plaintiffs.  (See cond. #24 of Exh. B to the complaint.)  It is the plaintiffs' contention that said water tank (because of its size) is in fact a water tank for the general fire protection of the neighborhood, not just for the 2 lots of plaintiffs' subdivision.  In fact, the regulations dealing with the size and number of water tanks are not coordinated with the number of houses to

approval. Counts 2 & 3 only remotely raise federal rights issues in that due process requires a town to follow its own rules and state law in revoking a subdivision approval. Contrary to the contention of the defendants, once the subdivision was constructively approved, the plaintiffs had a property right that could not be taken away without "good reason" and without due process of law. See Young v. Planning Board of Chilmark, 402 Mass. 841, 846 (1988) and Roy v. City of Augusta, 712 F.2d 1517 (1st Cir. 1983), respectively. However, the primary thrust of counts 2 and 3 is that the 30 reasons given for revocation are not valid reasons under state law to support a revocation. Those 30 are discussed in greater detail in Count 4 below.

Count 4 is an action seeking declaratory judgment brought under M.G.L. c. 231A, §1. It seeks to have the court review the 30 reasons (complaint Exh. B & F) given by the planning board defendants as part of their attempted revocation and declare which, if any, are valid for purposes of revoking or denying a definitive subdivision approval. It also seeks costs and reasonable attorneys fees on the basis that the reasons are given in bad faith. The state standard for review is that a planning board must approve a definitive subdivision plan if it complies with the reasonable subdivision rules and regulations and the recommendations of the Board of Health. MP Corporation v. Planning Board of Leominster, Id. 25 of the 30 reasons given in Exhibit B to the complaint relate to purely such state law issues.

Only reasons 6, 17, 23, 24, and 30 raise issues where a federal right may be involved. 6, 17, 23 and 24 relate to taking private land for a public purpose without compensation. 30 relates to taking money without due process of law. 30 is actually the central issue of Count 6 and is addressed there.

Counts 2, 3 and 4 incorporate by reference prior allegations and Exhibit B to the complaint. Conditions 6, 17, 23 and 24 of complaint exhibits B & F relate to counts 2 & 3.

Reason 6 is based upon the defendants' contention that in digging for the new roadway on the plaintiffs' property, trespassing roots of trees belonging to a neighbor, might be damaged. The defendants seek to make it the plaintiffs' financial responsibility to pay for such potential damages, even though, if there was no subdivision and the plaintiffs dug up those roots located on the plaintiffs' property, there would be no civil liability. Reason 6, if implemented, would effectuate a taking of the land of the plaintiffs for the benefit of a neighbor, i.e. in effect it gives to a neighbor a possessory right to part of the plaintiffs' land. This violates the principles set forth in Nollan v. California Coastal Commission, Id. 831.

Reasons 17 and 24 go to the failure to mark on the plan the location of the buried, 20,000 gallon fire tank. This water tank issue was already addressed in the Count 1 discussion.

Reason 23 is the failure to show all natural features as required by the regulations. The plaintiffs believe this is in reference to alleged trails. The plaintiffs refer the court to Count 8 for further discussion on making private land into public trails without compensation.

Count 5 seeks to declare invalid certain planning board rules and regulations adopted under authority of M.G.L. c. 41, sec 81Q. It also seeks equitable relief from the application of those rules to the plaintiffs. The plaintiffs allege the rules at issue are arbitrary, unreasonable and do not serve legitimate government purposes both as

to how they are written and how they have been applied to the plaintiffs as part of the practices of the Boxford Planning Board. (¶54)  They further allege that in some cases, the rules are in direct contradiction with the state subdivision control law including the state requirement that no private property shall be taken for public purpose without compensation to the owner and that such regulations cannot be inconsistent with the purposes of the subdivision control law, M.G.L. c. 41, §81Q. (¶54)  The plaintiffs challenge Boxford Planning Board Regulations §300-11A, §300-11E(2), §300-42, §300-12C(4), §300-15, §300-17A and the requirement that the plaintiffs' subdivision provide for a public road, not a private road.

§300-11A, §300-11E(2), §300-42, §300-12C(4), §300-17A and the requirement that the plaintiffs' subdivision provide for a public road, not a private road, all fall within the category of being in direct contradiction with the state subdivision control law.  These are not due process issues.  They are not taking issues.

Only §300-15 (¶59) differs, in part, as that section would deal with the taking of private trees for a public purpose without compensation.  This is a federally protected right under the 5th and 14th amendments and also a state protected right under M.G.L. c. 41, sec 81Q and the Massachusetts Declaration of Rights, Article I and X.  The essence of the regulation is to require the petitioner to spend their money identifying their own trees, labeled by §300-15 as a "community asset" (see Complaint Exh. G) and design a subdivision plan to protect those trees for the benefit of the community.  The petitioners receive no compensation for this extra expense and intrusion on their property rights to those trees.  The town is claiming a possessory right to the applicants' trees.  Nollan v. California Coastal Commission,

Id. 831, prohibits this.

Count 6 is also an action seeking to declare unconstitutional Boxford Planning Board Regulation §300-7 and 11E, which pertains to a requirement that the plaintiffs pay for the costs of outside consultants hired by the town.  In proper form, certainly that concept could promote a legitimate state interest.  However, it does not in the manner in which it has been applied to the plaintiffs by the defendants.

In this case, the defendants have taken $5,000 from the plaintiffs, have wasted that money by hiring two engineers to do the identical work, and then demand more money from the plaintiffs (¶66, reason #30, Exh B & F to the complaint).  Then, they threaten to revoke the constructive subdivision approval (now a property right of the plaintiffs) unless more money is paid.  At the same time the defendants and their engineers refuse to provide an accounting for the $5,000. (¶67, 68, & 69).  The defendants used the plaintiffs' money to hire experts, at least one of which has acted as a nonobjective adversary to the plaintiffs, not as an engineer who would merely render an objective opinion as to whether the plan conforms to the rules and regulations of the planning board.  §300-7 and 11E are being used by the defendant planning board members as a tool to run up the costs of the subdivision to coerce and intimidate the plaintiffs into surrendering property rights (such as the granting of horse trails - see Count 8) as a condition to obtain subdivision approval. (¶70)

At the subdivision application stage, this extortion is "shocking" and violates "universal standards of decency".  This "interferes with rights implicit in the concept of ordered liberty".  This is not just a matter of being treated badly at the hearing stage.  This is taking money from the applicants and threatening to keep on taking

- 13 -

more money, until the applicants surrender some property rights. The issue is not whether the plaintiffs should expect to have to pay more than $5,000 for outside experts, the issue is whether the lack of safe guards and the actual application of the rule are so extreme, as applied to the plaintiffs in this case, that this has become a violation of their substantive due process rights. The plaintiffs contend that using the consult fee regulation so as to have duplicative outside experts applying standards that exceed the subdivision rules and regulations, all for the purpose of extorting the grant of horse trail easements to be given without compensation to the public is in fact a violation of substantive due process.

Furthermore, at a post constructive approval stage, the "shocking" requirement need no longer apply, because at that point, the plaintiffs have a property right in the approved subdivision that cannot be taken away without due process of law. The extortion exposed in Count 6, which is used to obtain the horse trails (Count 8), could hardly be characterized as due process of law. These due process rights are protected by the Massachusetts Declaration of Rights, Art I and X and the 5th and 14th Amendments to the United States Constitution.

Count 7 seeks to declare unconstitutional Boxford's irregular lot shape zoning By-Law §196-24K. The thrust of the plaintiffs' claim is (1) that there is no logical connection or reasonable basis to apply the 50% criteria as a valid exercise of the town's police power, (¶83) (2) 47% compliance (which the plaintiffs have) provides no less of a protection to the health, safety, morality or general welfare of the community than 50% would be, (¶83) (3) the imposition of this zoning regulation in this instance has no real or substantial relation to the public safety, public health or

- 14 -

public welfare, (¶83) (4) the initial adoption of the 50% number was arbitrary, (¶83)
(5) the zoning by-law is overly broad and arbitrary, (¶83) and (6) this zoning by-law
has not been uniformly applied. (¶84)

The primary issue for Count 7 is whether the Town of Boxford's adoption of
By-Law §196-24K, as applied to the plaintiffs' property, goes beyond the limits
allowed by the state zoning enabling act. Although the protections afforded to the
plaintiffs by the Massachusetts Declaration of Rights, Art I and X, and by the 5th and
14th Amendments to the United States Constitutions may become relevant, it is more
likely that the zoning matter will be decided on interpretations of G.L. c. 40A.
Because this action is brought under G.L. c.240, §14A, there is no exhaustion of
remedy requirement. There is no requirement to seek compensation under G.L. c.
79 before challenging to the validity of a zoning by-law or planning board regulation.
See Aronson v. Town of Sharon, 346 Mass. 598 (1964).

Count 8 is an action seeking declaratory judgment brought under M.G.L. c.
231A, §1. There are two elements to this count. The first is the power of the
planning board under local subdivision regulation §300-21 to require establishment
of public trails on private land without compensation to the owners in order to get
subdivision approval. The second is that some, if not all, of the members of the
planning board have a conflict of interest when it comes to requiring such trails.
Count 8 seeks an order from the court directing the defendant planning board
members not to enforce any of the provisions of §300-21 against the plaintiffs
[erroneously referred to in the Second Amended Complaint request for relief as
§300-15] and to generally declare that regulation invalid.

§300-21 is being used by the defendant planning board members to take private property for public trails without compensation. (¶91, 93, 94) This is in violation of M.G.L. c. 41, §81Q, Massachusetts Declaration of Rights, Art I and X and the 5th and 14th Amendments to the United States Constitution. (¶92) This situation is similar to that in the case of <u>Nollan v. California Coastal Commission</u>, Id. where the United States Supreme Court struck down a permit condition which required that the land owner provide a public beach access as a condition to obtain a permit to replace a small bungalow with a larger house. The court held that the right to exclude others is a fundamental property right. The court stated:

> In Loretto we observed that where government action results in "[a] permanent physical occupation" of the property by the government itself or by others, see 458 U.S. at 432-433, n. 9, "our cases uniformly have found a taking to the extent of the occupation, without regard to whether the action achieves an important public benefit or has only minimal economic impact on the owner." [831-832]

The situation here, as in <u>Nollan</u>, "is not a valid regulation of land use but an out-and-out plan of extortion" [at 839].

The plaintiffs have a state and federally protected property right not to have horse trails on their property and not to have to surrender their constructively approved subdivision (a property right) because they refuse to grant such a trail easement. They also have the right to not have such trails imposed upon them if they decide to amend their subdivision approval after the irregular lot zoning by-law is declared invalid (Count 7).

<u>Count 9</u> clearly raises no federal issues. It simply seeks to determine whether the plaintiffs have obtained an approval under the Scenic Roads Act (G.L. c. 87) as

- 16 -

the result of the failure of the planning board defendants to act within a given time frame. Compliance with state law would be determined by state law.

**Smoke and Mirrors ?**

The defendants go to great efforts to be imprecise in defining what they are looking for. They do this in hopes of creating confusion either in this federal court or in a later court as to what their position is or what action the court has taken. For example:

(1) The defendants claim there is subject matter jurisdiction to remove this case to federal court under 28 U.S.C. §1446, but there is no subject matter jurisdiction to allow the claim to stay in federal court under F.R.C.P. 12(b)(1).

(2) When the defendants removed this case, they characterized it in their Notice of Removal as a civil rights case. Now they claim it to be a suit seeking compensation for a regulatory taking (even though no financial damage claim was made in the complaint).

(3) The defendants claim their motion to dismiss should be granted, but do not exactly indicate whether the dismissal should be under rule 12(b)(1) or (6) (on the merits or otherwise);

(4) The defendants ask this court in the first paragraph of their Motion to Dismiss to "dismiss all <u>allegations</u>". This would seem to be a motion to strike under rule 12(b)(7). However, no basis to strike the allegations is given. Then they conclude by asking the court to dismiss all <u>claims</u>. They seem to imply that by striking allegations of federal right violations, there are no state rights left to state a claim upon which relief can be granted.

(5) The defendants seek a broad, generalized dismissal of all <u>claims</u> that the defendants have violated the plaintiffs' constitutional rights. Presumably this would include causes of action not pleaded, such as equal rights violations. The plaintiffs have not brought a complaint seeking remedies for all violations of their constitutional rights. Will this be collateral estoppel for those causes of action which have not been pleaded, but which, in part, could fall within the fact pattern alleged, if a few more facts were added? Would a dismissal of "all claims in the Complaint" preclude a future case based on equal rights?

The defendants have woven a tangled web. Should this court decide to act on the defendants' Motion to Dismiss, (contrary to the <u>Mills</u>, Id. case) the plaintiffs request that it do so in a manner that leaves nothing for interpretation.

**Conclusion**

According to <u>Mills</u>, Id., no action should be taken on the defendants' Partial Motion to Dismiss. The case should be remanded immediately. If the Court does act on the motion, it should be denied under 12(b)(6), but allowed under 12(b)(1), as parts of some counts do state a federal causes of action, but not to the extent that it grants the district court jurisdiction to hear them. Such a ruling should indicate that it is made without prejudice, as per F.R.C.P. 41(2). Because the defendants' in their Notice of Removal claimed there was federal subject matter jurisdiction, but now in their Partial Motion to Dismiss claim there is not, the Partial Motion to Dismiss should be declared frivolous and the plaintiffs should be awarded reasonable attorney's fees.

- 18 -

Respectfully submitted,
PLAINTIFFS,
By their attorney,

*Gary S. Sackrider*

Gary S. Sackrider (B.B.O. #437360)
100 Cummings Center
Suite 207P
Beverly, Massachusetts 01915
(978) 745-8850

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by mail on the attorney of record for each other party in this action on April  5 , 2004.

*Gary S. Sackrider*

Gary S. Sackrider, Esq.

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN

EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

WILLIAM HEWIG III
JEANNE S. McKNIGHT
KATHLEEN M. O'DONNELL
PATRICIA A. CANTOR

KOPELMAN AND PAIGE, P. C.

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735

PITTSFIELD OFFICE
(413) 443-6100

NORTHAMPTON OFFICE
(413) 585-8632

WORCESTER OFFICE
(508) 752-0203

THOMAS P. LANE, JR.
MARY L. GIORGIO
THOMAS W. MCENANEY
KATHARINE GOREE DOYLE
GEORGE X. PUCCI
LAUREN F. GOLDBERG
JASON R. TALERMAN
JEFFREY A. HONIG
MICHELE E. RANDAZZO
GREGG J. CORBO
RICHARD T. HOLLAND
LISA C. ADAMS
ELIZABETH R. CORBO
MARCELINO LA BELLA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
JOSEPH S. FAIR
LAURA H. PAWLE
JACKIE COWIN
SARAH N. TURNER
JEFFREY T. BLAKE
CAROLYN M. MURRAY
R. ERIC SLAGLE

March 26, 2004

<u>BY HAND</u>

Clerk
U.S. District Court
District of Massachusetts
U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re:    Sackrider, et al. v. Robert Gore, et al.
       (Town of Boxford Planning Board, Board of Selectmen)
       <u>U.S.D.C., C.A. No. 04-10406-MEL</u>

Dear Sir/Madam:

Enclosed for filing in the above-referenced matter please find:

1.    Defendants' Answer to Second Amended Complaint;
2.    Defendants' Partial Motion to Dismiss;
3.    Memorandum of Reasons in Support of the Defendants' Partial Motion to
      Dismiss;
4.    Certificate of Compliance with Local Rule 7.1(A)(2).

       Thank you for your attention to this matter.  Please call me if you have any questions
regarding this matter.

                                          Very truly yours,

                                          George X. Pucci

GXP/mjm
Enc.
cc:    Board of Selectmen
       Planning Board
       Gary S. Sackrider, Esq.
217374/BOXF/0057

PRINTED ON RECYCLED PAPER

### Gary S. Sackrider
**Attorney at Law**
100 Cummings Center
Suite 207P
Beverly, Massachusetts 01915

———

Tel: (978) 745-8850



April 5, 2004

Clerk of Court
U.S. District Court
District of Massachusetts
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

     RE:   Sackrider etal. v. Gore, etal.
             U.S.D.C.  C.A. No. 04-10406-MEL

Dear Sir/Madam:

     Please file the enclosed Plaintiffs' Opposition to the Defendants' Motion to Dismiss.

                Yours truly,

                Gary S. Sackrider

cc    Joel Bard, Esq.