<u>**E N D O R S E M E N T**</u>

SACKRIDER v. GORE
04-CV-10406-MEL

---

LASKER, D.J.

    Gary and Mary Sackrider, homeowners in Boxford, Massachusetts, seek to subdivide their property into two residential lots. They sue various members of the Boxford Planning Board and the Boxford Board of Selectmen, challenging the Planning Board's refusal to waive requirements imposed upon them as conditions for granting approval of the subdivision. Plaintiffs originally brought their complaint in Massachusetts Land Court, and Defendants removed.

    The first three counts of the Complaint seek review, under relevant state law, of actions taken by the Defendants with regard to the subdivision application. The remaining six counts seek declaratory judgments as to their rights to their property, whether Planning Board members acted in conflict of interest, and whether their application under the Scenic Roads Act has been constructively granted (Counts Four, Eight, and Nine); challenging, on a constitutional and statutory basis, the Subdivision Rules and Regulations of the Town of Boxford (Counts Five and Six); and challenging the constitutionality, generally and as applied, of a section of the Boxford Zoning Bylaws (Count Seven). Counts One, Five, Six, Seven, and Eight make explicit reference to the federal Constitution. Count Two refers to "a taking for a public purpose without compensation," without specifying the authority for such a claim.

    Defendants move to dismiss the federal claims on the grounds that they fail to state claims on which relief can be granted. Plaintiffs move to remand the action to the Land Court.

    Defendants contend that Plaintiffs' claims of a regulatory taking under the federal Constitution are unripe, as Plaintiffs have not yet pursued the remedy provided by M.G.L. ch. 79. As to Plaintiffs' due process claims, Defendants argue that Plaintiffs have an adequate post-deprivation remedy under state law, and that the Complaint does not allege any behavior sufficiently "conscience-shocking" to form the basis for a

1

substantive due process claim. Rather than respond on the merits, Plaintiffs' opposition merely argues that this Court lacks subject matter jurisdiction to consider the motion.

     For the reasons cited by Defendants, Plaintiffs have failed to state claims for a regulatory taking or a due process violation under the U.S. Constitution. Accordingly, Defendants' Partial Motion to Dismiss is GRANTED. However, all counts remain in the Complaint insofar as they cite state law and the Massachusetts Declaration of Rights.

     The procedural and substantive arguments presented by Plaintiffs in support of their Motion to Remand are unpersuasive, for the reasons cited by Defendants in their opposition brief. Nevertheless, with the federal claims stricken, this Court lacks subject matter jurisdiction over the Complaint. Accordingly, Plaintiff's Motion to Remand is GRANTED.

     The case is remanded to the Massachusetts Land Court.

     It is so ordered.

Dated:    April 28, 2004
           Boston, Massachusetts     /s/ Morris E. Lasker
                                               U.S.D.J.